No. 196
MOREHEAD v. LEONARD
Ohio Appeals 8th Dist., Cuyahoga Co.
No. 7065. Decided Feb. 14, 1927

27. ACTIONS—Whether a proceeding is an action in chancery or a suit at law, must be determined from the pleadings and from the issue made thereby.

460. EQUITY—A trustee while he may be sued in equity for an accounting, yet where the amount is definite and certain, may be sued at law for money only as in an ordinary case, notwithstanding the trust relationship.

First Publication of this Opinion

LEVINE, J.

This case comes into this court on appeal by Josephine Leonard from the decision of the Cuyahoga Common Pleas. The petition of Cornelia Morehead is designated as a petition for money only. In substance it sets forth that Cornelia Morehead was the owner of an undivided ½ interest in a certain parcel of land, that the record title was in the name of Leonard, although Leonard was only owner of one-half undivided interest in the property, she sold said property, and that Morehead was damaged in the sum of $7500. Leonard denied all the allegations except that the record title was in her name.

Morehead orally moved for a dismissal of the appeal on the ground that the case is not a chancery case. It was urged by defendant that to afford Morehead the relief prayed for, Leonard must be found to have been a trustee holding an undivided one-half interest in the land for the benefit of Morehead. The Court of Appeals held:

1. "Whether a proceeding is an action in chancery or a suit at law, must be determined from the pleadings and from the issue made thereby." Hummer v. Parsons, 111 OS. 595.

2. In view of the comprehensive terms of Section 5136, Revised Statutes, issues of fact in all actions 'for recovery of money only' are triable to a jury and no exception is admitted because of the number of the items in an account which is the basis of the action, unless there is such relation of parties as will authorize a court of equity to decree an accounting by one for the information of the court and his adversary. Williams Improvement Co. v. Malone et, 78 OS. 232.

3. Whether an action is equitable or legal, and therefore triable to a jury, is determined by the issues presented and relief required at the time of the trial. Where recovery is sought against a fiduciary for fraud and deceit, in which a specific amount is claimed, and where no accounting is asked or required, the fact that the defendant occupies a fiduciary relation does not stamp the action as equitable; and in such case, if no other remedy cognizable in equity is asked and needed to give full and adequate relief, the action is legal and not equitable, is for money only and triable to a jury. Taylor v. Brown, 92 OS. 287.

4. A trustee while he may be sued in equity for an accounting, yet where the amount is definite and certain may be sued at law for money as in an ordinary case, notwithstanding the trust relationship.

Appeal dismissed.

(Sullivan, PJ., concurs.)

Attorneys—Paul Howland and John B. Oviatt for Morehead; Don. P. Mills for Leonard; all of Cleveland.