Matthias, J.
 

 It appearing that there was evidence in the record to support the conclusion of the Court of Appeals, there is but one question presented for the determination of this court, and that is whether this proceeding was a chancery case, appealable to the Court of Appeals. There could have been no prejudice in permitting a new party
 
 *598
 
 in the Court of Appeals, who, in effect, waived any claim to the automobile in controversy.
 

 As shown by the foregoing statement, each of the parties, except the owner of the premises,
 
 setup
 
 a lien which he claimed upon the property in question, and prayed for foreclosure and satisfaction thereof out of the proceeds of the property. None of such claims was admitted by the other claimants. Issues were made as to the validity thereof.
 

 Tested by the rule laid down in the case of
 
 Wagner
 
 v. Armstrong, 93 Ohio St., 443, 113 N. E., 397, this was a chancery ease. Probably no contention would be made but for the fact that subsequent to the joinder of the issue by the pleadings some claims were adjusted by admissions or stipulations of the conflicting claimants, so that the only lien in dispute, as to validity or amount, was that of Hummer, whose cross-petition was based upon a mechanic’s lien upon the premises in question. Hence the direct question is submitted in this case as to whether an action to foreclose a mechanic’s lien is a suit in chancery and appealable. Although such lien is purely a creature of statute, yet, as said in 27 Cyc., page 17, it is of an equitable character, being somewhat analogous in its aims to the equitable lien of a vendor for unpaid purchase money on lands sold.
 

 As a basis, for the conclusion reached in the case of
 
 Wagner
 
 v.
 
 Armstrong, supra,
 
 it was there said in the opinion, at page 450 (113 N. E., 399):
 

 “Appealable cases, therefore, must be such cases as are now recognized as equitable in their nature;
 
 *599
 
 and perhaps the better way to express it would be, cases that were recognized as equitable actions before the adoption of the Code of Civil Procedure.”
 

 The first mechanic’s lien law passed in Ohio was in 1823. When such act was amended in 1851, one of the amendments thereto was styled “Remedy of lienholder in chancery,” and it was there enacted, in substance, that any person then or thereafter holding a lien under the above-recited act, in addition to the remedy therein provided for, might proceed by petition in chancery, as in other cases of liens, against the owner or owners and all other persons interested. The language of Section 8323, General Code, is almost precisely the same as the amendment above referred to, and provides that the holder of such lien may proceed by petition, as in other cases of liens, and obtain judgment thereon for the rent or sale thereof, “as justice and equity require.”
 

 In a consideration of the matter of equitable remedies and a classification thereof it is stated in 1 Pomeroy on Equity Jurisprudence (4th Ed.), Section 167, page 205, that:
 

 “In addition to the liens above mentioned, which belong to the general equitable jurisprudence, the legislation of many states has created or allowed other liens, which often come within the equity jurisdiction, in respect, at least, to their means of enforcement. ‘The so-called mechanics’ liens’ may be taken as the type of illustration of this class.”
 

 We are therefore persuaded that the foreclosure of a mechanic’s lien falls within the broad meaning
 
 *600
 
 of chancery cases, it being one which, according to the usages and practice in courts of chancery, prior to and at the time of the adoption of the act of civil procedure remedies, was awarded in accordance with the principles of equity, but not in accordance with the rules of law.
 

 This precise question was previously before this, court. The Court of Appeals of Hamilton county, in the case of
 
 Hollowell
 
 v.
 
 Schraden,
 
 26 C. C., N. S., 97, had refused to take jurisdiction of an action to foreclose a mechanic’s lien, holding that it was not cognizable in equity and therefore not appealable; but this court, by journal entry, as appears in 96 Ohio St., 599, 118 N. E., 1083, reversed that court upon the authority of
 
 Wagner
 
 v.
 
 Armstrong, supra.
 

 It is contended, however, that because when it came to the hearing of the issues between Hummer on his mechanic’s lien and the Parsonses, the owners of the property, no contention was longer made as to the validity of the lien, but only as to the agreement, and particularly as to the manner of payment, the case was no longer a chancery case and became a suit at law, and no appeal to the Court of Appeals would lie. Whether a proceeding is an action in chancery or a suit at law is to be determined from the pleadings and from the issue made thereby. It is elementary that, where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, legal or equitable, so far as it pertains to the transaction or the subject-matter involved therein. The fact that subsequent to the joinder of issue by the pleadings
 
 *601
 
 in an action to foreclose and marshal liens, determine priorities, and subject the property to the satisfaction of the liens according to their priority, some claims and some matters in dispute were disposed of by admissions ■ and stipulations of the parties, would not serve to change the character of the proceeding from an action in chancery to a suit at law. Jurisdiction was fixed when ,the issues were made.
 
 Gantz
 
 v.
 
 Gease, Guardian,
 
 82 Ohio St., 34, 91 N. E., 872.
 

 Judgment affirmed.
 

 MArshall, O. J., Robinson, Jones, Day, Allen, and Conn, JJ., concur.