Allen, J.
 

 The controlling question in this case is as to the nature of the action. Plaintiff in error contends that the action does not constitute a chancery case, and hence that the Court of Appeals had no jurisdiction of the cause on appeal. This question is to be determined from the pleadings and from the issue made thereby.
 
 Hummer
 
 v.
 
 Parsons,
 
 111 Ohio St., 595, 146 N. E., 62;
 
 Wall
 
 v.
 
 Dayton Federation Co.,
 
 121 Ohio St., 334, 168 N. E., 847.
 

 ' The petition, so far as material to this controversy, recites that the plaintiff is and was prior to the erection of the coal tipple the owner of certain premises, including a residence containing four apartments, a garage, and another outbuilding; that the defendant is the owner of real estate adjoining plaintiff’s property, and lying between plaintiff’s
 
 *318
 
 property and the right of way of the Akron, Canton & Yonngstown Railway; that some time in the year 1920 the defendant caused to be erected on its premises, adjoining plaintiff’s premises on the south, a spur track extending from the main line of the Akron, Canton & Youngstown Railway, which spur track is carried along upon overhead supports and trestle work, at a height of thirty feet or more above the surface of the land; that underneath such spur track, and constructed as a part of the overhead supports and trestle work, are large bins into which are emptied the contents of freight cars conducted upon such spur track; that such containers are equipped with apparatus which permits the bottoms thereof to open up and discharge the contents into trucks, or vehicles driven in and placed under the bins or containers; that defendant continuously uses, and, for a period of four years prior to the filing of the petition has used, such spur track for the receiving and unloading of hopper cars containing bituminous coal; that the soft coal is dumped into the bins underneath the spur track, and from time to time is discharged therefrom into waiting trucks; that such spur track is capable of containing, and does often contain, six or more hopper cars loaded with soft coal; that defendant, through its agents and servants, without regard for the rights of plaintiff, uses and operates such spur track, the cars, bins, trucks, or other vehicles used in connection' therewith, so that plaintiff and his premises are greatly injured and damaged, in this, that whenever soft coal is dumped from a railroad car into the bins great clouds of coal dust and soft, small particles of coal arise and fill the atmosphere and descend
 
 *319
 
 and fall upon the premises of plaintiff; that in like manner, when such bins are emptied into trucks, great clouds of coal dust and soft, small particles of coal arise and fill the atmosphere and descend and fall upon plaintiff’s premises; that such coal dust and soft, small particles of coal, descending upon his premises, have ruined and destroyed the exterior decorations upon his house, garage, and outbuilding, and so cover all of his premises that he cannot use a part thereof for a garden, and that it is impossible to do any family washing upon the premises, as freshly washed clothes which are hung out upon a clothesline to dry are soon covered with coal dust from defendant’s spur track and bins; that such dust fills the air and penetrates to the interior of plaintiff’s buildings, rendering the same untenantable; that the reasonable rental value of his premises, including the residence and garage, is $90 per month; that he has been unable to keep the premises rented by reason of the acts of defendant complained of, and as a direct and proximate cause of the use defendant is making of its premises plaintiff has suffered a loss by way of decreased rentals from his property of $2,500; that, in addition, plaintiff has been put to considerable annoyance and inconvenience, which has interfered with his quiet enjoyment of such premises in the part thereof which he occupies as a dwelling, and has been further damaged in the sum of $2,500; that the use by the defendant of its property in the manner aforesaid constitutes a continuing nuisance, which, if not abated, will compel plaintiff to bring actions from time to time for compensatory damages, and in the meantime he will be deprived 9f the free enjoyment of
 
 *320
 
 his property, and that an abatement of such nuisance will prevent a multiplicity of suits; that he has no adequate remedy at law, in that compensatory relief to him for special damages or loss he has suffered is insufficient, and, if such nuisance is allowed to continue, he will be irreparably damaged, and defendant’s use may ripen into a prescriptive right.
 

 The petition prayed judgment for the sum of $5000, and that the court in the exercise of its equity jurisdiction enjoin the defendant from maintaining such nuisance and order the same abated, and for such other and further relief to which plaintiff may be entitled.
 

 The answer admits the corporate character of the J. P. Loomis Coal & Supply Company, that it is the owner of the real estate described in the petition, and that on such premises it now operates, and has for several years last past operated, a coal yard and coal tipple. The answer denies every other allegation contained in the petition.
 

 An examination of the petition certainly discloses that it states a case in equity, for injunction on account of a continuing private nuisance.
 
 Ross
 
 v.
 
 Denan,
 
 101 N. J. Eq., 281, 137 A., 416;
 
 Faulkenbury
 
 v.
 
 Wells,
 
 28 Tex. Civ. App., 621, 68 S. W., 327. The defendant admits the operation of the coal tipple. It is not claimed that the business described constitutes a nuisance
 
 per se,
 
 but that it does constitute a nuisance in the method of operation. The Court of Appeals had jurisdiction upon appeal to hear and determine the question of the existence of such nuisance and the question of issuance of injunction. Since it exercised jurisdiction in the injunction branch of the case only, and remanded the issue as to damages
 
 *321
 
 to the Court of Common Pleas for determination, the Court of Appeals clearly did not err in overruling the motion to dismiss the appeal. '
 

 The case has little similarity to that of
 
 Complete Building Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817, in which the action was essentially an action at law for the recovery of money, and the prayer for an accounting was not sustained by any facts entitling plaintiff to equitable relief. In this case the existence of a nuisance and the prayer for injunction are the gist of the controversy, and ample facts are alleged to sustain the application for such injunction.
 

 A reading of the record shows that there is ample evidencé supporting the judgment, and that in the light of the record the decree of the Court of Appeals is not indefinite and uncertain in its terms. The record does disclose evidence as to the cost of certain inclosures, and evidence tending to show that such construction would better the condition.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.