This cause originated in the court of common pleas of Cuyahoga county. Dr. Homer B. Corlett died December 24, 1928, and at the time of his death held a policy of life insurance for the *Page 633 
face value of $10,000 in the Bankers' Life Company of Iowa. His wife, Clara H. Corlett, was originally named as beneficiary under the policy, but in March, 1927, the insured caused the beneficiary to be changed, and the policy was made payable to his estate. In April, 1927, he made an assignment of the policy to B.A. Waters, and at the same time executed and delivered to B.A. Waters a promissory note for $10,000; the note containing a recital that the insurance policy was assigned as collateral to secure the payment of the note. The policy was thereupon delivered to Mrs. Waters, and was in her possession at the time of the death of the insured. Mrs. Corlett, being named as administratrix, claimed the proceeds of the policy, and Mrs. Waters also made claim to the policy by virtue of her assignment. The Bankers' Life Company, being indifferent as to which party received the proceeds, filed an equitable interpleader in the court of common pleas of Cuyahoga county, making both claimants parties, and thereupon paid the proceeds of the policy into the hands of the clerk of the court. Thereupon each of the impleaded claimants filed an answer and cross-petition, it being claimed by the administratrix that the assignment to Mrs. Waters was fraudulent, while the pleading filed by Mrs. Waters contained a denial of the claim of fraud. Neither of the claim. ants was asking any relief against the other, but each of them was making claims for the fund itself, and the fund was at that time in the possession of the court in an equitable proceeding to determine the rights of the respective claimants.
The court of common pleas decided in favor of the validity of the assignment. Thereupon the cause *Page 634 
was taken to the Court of Appeals on both error and appeal. In the Court of Appeals a motion was made by counsel for Mrs. Waters to dismiss the appeal on the ground that it was not a chancery case. By virtue of Section 6, Article IV, of the Ohio Constitution, the Court of Appeals could only have appellate jurisdiction on the theory that it was a chancery case. The Court of Appeals overruled the motion to dismiss, heard the case de novo, and decided in favor of the administratrix. Error is prosecuted to this court as a matter of right, it being claimed that the question arises under the Constitution of the State of Ohio. The defendants in error have filed in this court a motion to dismiss the petition in error filed as of right, on the ground that no constitutional question is involved in the case, and it is their theory that the case was a chancery case and that therefore the motion to dismiss was properly overruled in the Court of Appeals; and that therefore no debatable constitutional question arises in this court. The only question to be considered by the court at this time is whether or not it was a chancery case.
It is a well-settled general proposition that it must be determined from the pleadings, and the issues made by the pleadings, whether a proceeding is an action in chancery or a suit at law. This proposition has been so often declared that citation of authority is unnecessary. It has likewise been held that interpleader is of equitable cognizance. It may be invoked in any and all cases where a person does not claim title or interest for himself, and asks the direction of the court as to which of two claimants has superior rights. It has been so declared in First National Bank of Cadiz v. Beebe, 62 Ohio St. 41, *Page 635 
56 N.E. 485. While interpleader is in some measure regulated by the Code, its essential principles find their origin in the common law, and have not been modified in the least by statutory regulations. It is not doubted that the case at bar had its inception and its conception in equity, but it is contended that its equitable character ceased when the claimants to the fund began to contend against each other. This view of the matter proceeds upon the theory that they were suing each other, which is far from being the fact. Neither of the claimants owed any duty or obligation to the other. Neither had any right which could be asserted against the other prior to the filing of the interpleader and the payment of the money into court. It is equally clear that even after the interpleader, and the deposit of the money, neither could have sued the other in an independent action. If the insurance company had kept the money, either might have maintained a suit at law against the insurance company in an effort to recover. If the insurance company had paid the money to either, no action at law could have been brought against that one by the other. Such an action at law could only have been brought against the insurance company, and payment by the insurance company to the wrong claimant would have been no defense to a suit brought by the rightful claimant. If by chance the insurance company were beyond the processes of the court, and it should become necessary to pursue the fund in the hands of the wrongful payee, no action at law could have been maintained, because there was no contractual relation express or implied between the parties, and no legal duty owing by either to the other, the breach of which would give *Page 636 
rise to a cause of action at law. It is impossible to conceive of any action by the rightful claimant against the wrongful payee except upon the theory of a trust ex maleficio, which of course is a chancery case. Such speculations are only useful to test the matter. They need not be indulged in the present case. The payment of the money into court created a trust fund, and the equitable interpleader brought the claimants into court as parties to an equitable proceeding to determine their respective rights to such trust fund. Either would have been entitled to the entire fund except for the claims of the other. It was therefore a question of determining the priority and the superiority of rights, and such determination could only be made by a chancellor.
The motion to dismiss the petition in error in this case on the ground that no debatable constitutional question was involved must be overruled, because the questions involved in this error proceeding, and the question whether or not the plaintiff in error had a right to file his petition as of right, do clearly arise under the Constitution. It must also be held to be a debatable constitutional question because the particular principles involved in this case have never before been determined by this court. The case is properly before the court.
Inasmuch as the case was heard on appeal in the Court of Appeals, where it was tried de novo, and that court decided in favor of the administratrix, this court will not weigh the evidence, but will only determine whether there was any evidence which would support the finding of the Court of Appeals. *Page 637 
The motion to dismiss must be overruled.
Motion overruled.
JONES, MATTHIAS, DAY, KINKADE and ROBINSON, JJ., concur.
ALLEN, J., not participating.
 June 10, 1931.