ROPER, APPELLEE, *v.* THE NO-LEAK ROOFING & PAINT CO., APPELLANT.

(No. 4675—Decided January 12, 1953.)

*Messrs. Boggs, Boggs & Boggs,* for appellee.
*Mr. Jules J. Pilliod,* for appellant.

CONN, J. Plaintiff, appellee herein, has moved to dismiss defendant's appeal on questions of law and fact for the reason that this is an action at law and not one brought primarily for equitable relief, and, further,

has moved that the appeal be dismissed in its entirety for the reason that defendant has failed to file its brief and assignments of error within the time fixed by the rules of court.

In the amended petition, plaintiff set forth three causes of action. In the first cause, plaintiff pleaded that he was employed by defendant on October 16, 1948, as general manager at a salary of $100 per week and, in addition, a bonus of 10 per cent on gross profit, and, also, for services as a salesman, plaintiff was to receive 10 per cent of his gross sales, and compensation of five cents per mile for the use of his automobile.

Plaintiff averred that he received his weekly salary but that defendant has refused to pay the other sums due him under his contract from the date of his employment to January 1, 1949.

For his second cause of action, plaintiff set forth the specific amounts due on gross profit and sales from January 1, 1949, to October 17, 1949, and compensation for use of plaintiff's automobile. In the third cause of action, plaintiff sought to recover damages for breach of the contract of employment.

The answer of defendant contains six defenses in addition to a general denial. Defendant admitted that plaintiff entered the employ of defendant at a salary of $100 per week and that the weekly salary has been paid, and averred that plaintiff received operating expenses for his automobile.

The gist of defendant's answer is a denial of the contract upon which plaintiff sought a recovery. By supplemental answer, defendant averred that plaintiff has waived any claim against defendant and is estopped from asserting any further claims.

Plaintiff prayed judgment for the respective amounts alleged to be due him on each of the three causes of action and for an accounting as to amounts

due on the first and second causes of action as set forth in his amended petition.

It is apparent from the pleadings that the primary issue between the parties relates to the provisions of the contract of employment, what it embraced by way of compensation to plaintiff, and the length of the term of employment. It appears further that the primary relief sought by plaintiff was a money judgment for services alleged to have been rendered and for which he has not been paid. The third cause of action for damages for breach of contract was dismissed by plaintiff during the trial.

At the opening of the trial in the Common Pleas Court it was stipulated that the issue as to the nature and character of the contract be submitted to a jury and that following its determination, the issue of accounting be submitted to the court. The jury returned a special verdict in favor of plaintiff, and the court thereafter made a finding by way of an accounting of the amount due plaintiff for commissions and for use by plaintiff of his automobile and entered a judgment for the amount found to be due.

Whether a given action is one in chancery or at law has vexed the courts of Ohio for many years. Numerous cases illustrate the problem. These cases illustrate also the application of the rule that the character of the action is determined from the issues raised by the pleadings and the relief sought. 2 Ohio Jurisprudence, 99, Section 38, and cases cited.

However, where the issues thus raised and the relief sought partake of the character of both law and equity, the rule appears to be that the primary or paramount issue is the determining factor. Where the primary issue is legal, the action is one at law; where such issue is equitable, the action is one in chancery. *Ireland* v. *Cheney,* 129 Ohio St., 527, 196 N. E., 267; *Nordin* v.

*Coulton,* 142 Ohio St., 277, 51 N. E. (2d), 717; *Meyer* v. *Meyer,* 153 Ohio St., 408, 91 N. E. (2d), 892.

It has been held in a number of cases that an action for the recovery of a money judgment wherein plaintiff also seeks an accounting is not changed from one in law to one in equity by the fact that the amount due is not known to plaintiff and is known to defendant. *Brundridge* v. *Goodlove,* 30 Ohio St., 374; *Chapman* v. *Lee,* 45 Ohio St., 356, 13 N. E., 736; *Complete Bldg. Show Co.* v. *Albertson,* 99 Ohio St., 11, 121 N. E., 817; *Wall* v. *Dayton Federation Co.,* 121 Ohio St., 334, 168 N. E., 847; *Borton* v. *Earhart,* 144 Ohio St., 334, 59 N. E. (2d), 37; *O'Leary, Exrx.,* v. *Burnett,* 87 Ohio App., 70, 87 N. E. (2d), 897.

In view of the issues raised on the amended petition and the prayer for relief, it is clear that the issue of an accounting was incidental to the primary issue of plaintiff's right to recover on the contract as pleaded by him and denied by defendant. On the issues thus raised, it is apparent that the principal relief sought was for money alleged to be due plaintiff.

Plaintiff's right to an accounting did not arise until the special verdict of the jury was returned finding that plaintiff was entitled to recover a money judgment from defendant.

The defendant claims that a fiduciary relationship existed between the parties, and for that reason the instant case is distinguishable from the cases relied on by plaintiff. It is well settled that equity will take jurisdiction in an action for an accounting between parties sustaining a fiduciary relation to each other. 1 Ohio Jurisprudence, 210, Section 29. However, on the pleadings and the issues raised in this case, the parties sustain to each other the relationship of debtor and creditor, and the authorities relied on by defendant are inapplicable.

As already pointed out, plaintiff's right to an ac-

counting arose and became necessary in order to determine the amount due him on his contract. It is, therefore, ancilliary and incidental merely. In view of these considerations, the right to an accounting, or the necessity for it, does not convert this case into an action in equity.

We conclude that the motion to dismiss this appeal on questions of law and fact should be sustained, and that the appeal itself should not be dismissed but retained as an appeal on questions of law pursuant to Sections 12223-22 and 11564, General Code. Inasmuch as a transcript of the testimony has been taken and filed upon this appeal as a bill of exceptions, leave is granted defendant to refile same instanter. Leave is granted defendant also to file assignments of error and its brief on or before January 26, 1953.

*Judgment accordingly.*

Fess and Savord, JJ., concur.