Middleton, J.
The sole question presented in this appeal is whether the judgment of the Court of Common Pleas was appealable to the Court of Appeals on *437 questions of law and fact. Appeal to this court was prosecuted immediately upon the dismissal by the Court of Appeals of the appeal as on questions of law and fact. Consequently, the Court of Appeals did not consider or pass upon either the merits of the controversy or any claimed errors of law.
The plaintiffs urge that the primary or paramount relief sought is equitable and that, therefore, the Court of Appeals should have, entertained the appeal on questions of law and fact. The defendants urge that the primary relief sought is legal; that whatever equitable relief is sought is incidental or ancillary to the primary legal relief; and that the cause, therefore, is one at law and appealable to the Court of Appeals only on questions of law.
It may be stated at the outset that the nature of the action whether legal or equitable is to be determined from the pleadings and from the issues made thereby, and that such determination is not to be influenced by the evidence introduced in the trial in the Common Pleas Court. Taylor v. Brown, 92 Ohio St., 287, 110 N. E., 739; Hummer v. Parsons, 111 Ohio St., 595, 146 N. E., 62; Wall v. Dayton Federation Co., 121 Ohio St., 334, 168 N. E., 847; J. P. Loomis Coal & Supply Co. v. Garchev, 123 Ohio St., 316, 175 N. E., 456.
The jurisdiction of the Courts of Appeals as established by the 1912 amendment of Section 6, Article IV of the Ohio Constitution, is appellate with the exception that they are specifically given jurisdiction in “the trial of chancery cases.” Unless and until the appellate jurisdiction of the Court of Appeals is changed by legislative action it remains as it was at the time of the amendment to the Constitution which became effective January 1, 1945. Youngstown Municipal Ry. Co. v. City of Youngstown, 147 Ohio St., 221, 70 N. E. (2d), 649.
In the trial of a chancery case in the Court of Ap *438 peals on an appeal on questions of law and fact, the case is heard de novo on the pleadings filed in the Court of Common Pleas or on new or amended pleadings. See Kiriakis v. Fountas, 109 Ohio St., 553, 143 N. E., 129.
The argument that in this cause the Court of Appeals is required to consider the facts as a prerequisite to and as a feature of its determination of the ultimate question whether the cause is in chancery is inconsistent with the requirement that the right to a trial de novo in the Court of Appeals is determined from the issues made in the pleadings.
In determining the meaning of the words, “chancery cases,” as those words are used in Section 6 of Article IY of the Constitution as amended in 1912, the courts look to and are guided by the well established rules for distinguishing cases in chancery from those in law as those distinctions existed prior to the adoption of the 1912 Amendment of the Constitution.
In the case of In re Estate of Stafford, 146 Ohio St., 253, 65 N. E. (2d), 701, this court said in the first paragraph of the syllabus:
“A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law. (Definition announced by Chief Justice Nichols in Wagner v. Armstrong, 93 Ohio St., 443, 456, approved and followed.)”
Also in this connection we refer to paragraphs one and two of the syllabus in Ireland v. Cheney, 129 Ohio St., 527, 196 N. E., 267, which read:
“1. Since the terms ‘equity’ and ‘chancery’ are synonymous and interchangeable in meaning, appeal-able cases under Section 6, Article IY of the Constitution of Ohio, providing that the Courts of Appeals *439 shall have ‘appellate jurisdiction in the trial of chancery cases/ are those which are equitable in their nature and recognized as chancery cases prior to the adoption of the Code of Civil Procedure.
“2. Where the principal, primary and paramount relief sought, as shown by the pleadings, is equitable, the cause is one in chancery notwithstanding the fact that as incidental thereto the court is compelled to find what amount, if any, is due and owing to the person seeking the relief.”
In that case the purpose of the suit was to enforce a lien for attorney fees upon a fund resulting from a judgment against the defendant and to assert ownership in one-half of that judgment by way of equitable assignment. It was there held that the relief sought was equitable in nature and that a money judgment which might result was merely incidental to the main relief. The converse of the factual situation which existed in Ireland v. Cheney was before the court in Nordin v. Coulton, 142 Ohio St., 277, 51 N. E. (2d), 717, where a personal money judgment on two causes of action was sought and foreclosure of a mechanic’s lien to enforce such judgment was requested in a third cause of action. In that case the court held that the primary or paramount relief was legal not equitable. The general principles to be followed are stated in the syllabus as follows:
“1. The nature of a case is determined from the pleadings and the issues presented.
“2. It is equitable if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted; but if the primary or paramount relief sought is legal and the equitable redress merely incidental, it is an action at law. ’ ’
A similar result was reached in Borton v. Earharb, 144 Ohio St., 334, 59 N. E. (2d), 37, where the primary *440 relief sought was a money judgment and incidental thereto the foreclosure of a mortgage.
The problem to be solved by this court in the instant case is one of applying well established principles to the issues made in the pleadings. The petition characterizes the defendant Balkwill as an “agent” in whom the plaintiffs placed faith and trust and upon whose representations and assurances the plaintiffs relied, but which agent allegedly profited personally and secretly while engaged in a sale of plaintiffs ’ property. The allegations with respect to the relationship of the plaintiffs and defendants which are relied upon to establish a fiduciary relationship on the part of Balkwill are in themselves unusually involved and difficult of determination. As a result of the alleged breach of the fiduciary relationship so allegedly existing, the plaintiffs seek an accounting and recovery of whatever amount may be due them. Are such issues equitable or legal?
The relationship of principal and agent is generally held to be fiduciary in nature. In Manhattan Life Ins. Co. v. Smith, 44 Ohio St., 156, 5 N. E., 417, 58 Am. Rep., 806, Spear, J., says tersely in the opinion at page 164: “The relation of principal and agent implies trust, confidence. ’ ’
The following statement in 2 American Jurisprudence, 203, Section 252, is pertinent:
“It is well settled that an agent is a fiduciary with respect to the matters within the scope of his agency. The very relation implies that the principal'has reposed some trust or confidence in the agent. Therefore, the agent or employee is bound to the exercise of the utmost good faith and loyalty toward his principal or employer. * * *”
As stated in 3 Pomeroy’s Equity Jurisprudence (5 Ed.), 819, Section 959:
“Equity regards and treats this relation (principal *441 and agent) in the same general manner, and with nearly the same strictness, as that of trustee and beneficiary. The underlying thought is that an agent should not unite his personal and his representative characters in the same transaction; and equity will not permit him to be exposed to the temptation, or brought into a situation where his own personal interests conflict with the interests of his principal and with the duties which he owes to his principal.”
With respect to the alleged conduct of Balk will, the following statement in 1 Perry on Trusts and Trustees (7 Ed.), 358, Section 206, seems particularly pertinent :
“Whenever one person is placed in a relation to another, by the act or consent of that other, or the act of a third person, or of the law, so that he becomes interested for him or with him in any subject of property or business, he will in equity be prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has been associated.”
The defendants vigorously urge that the controlling motive of the plaintiffs is to procure a money judgment. With that conclusion we can not agree. It is true that a money judgment in favor of the plaintiffs may result but it can result only after the establishment of fiduciary relationship, a breach of the duties arising through that relationship and an accounting.
The following statement contained in 1 Mechem, Law of Agency (2 Ed.), 978, Section 1343, is pertinent:
“ It is well settled that the mere relation of principal and agent is not sufficient to authorize the principal to come into a court of equity for an accounting. For very many of the questions arising between them, the ordinary legal remedies are, as has been seen in the preceding section, entirely adequate; and where this is the case, resort cannot ordinarily be had to equity. When, however, the agency is one of a strictly fidu *442 ciary character, involving a question of confidence between the parties, or, in many cases, where fraud is alleged or a discovery sought, the equitable jurisdiction will attach, even though some remedy at law might also have been found. So where the account is so complicated that it cannot be settled at law without great difficulty, a bill in equity may be maintained. $ # # J ?
To the same effect is the following found in 1 Corpus Juris Secundum, 655, Section 19:
“Equity has jurisdiction of an accounting where a fiduciary relation exists as to money or property; an accounting is necessary to determine the amount due, even though the accounts are not mutual or complicated and no discovery is sought, and there is a concurrent remedy at law; but a bare agency is insufficient to confer jurisdiction.”
It is the conclusion of this court that the primary or paramount relief sought in this case is equitable and that any money judgment which may result is incidental. The cause was, therefore, appealable to the Court of Appeals on questions of law and fact and should have been so entertained by the Court of Appeals.
The judgment of the Court of Appeals is reversed and the cause is remanded to that court for hearing as an appeal on questions of law and fact.

Judgment reversed.

Wbygandt, C. J., Hart, Stewart and Lamneck, JJ., concur.