MORIES, APPELLEE, *v.* HENDY, APPELLANT.

[Cite as Mories v. Hendy, 1 Ohio App. 2d 349.]

(No. 1165—Decided February 17, 1965.)

*Messrs. Moore, Myers, Parsell & Firstenberger*, for appellant.

*Messrs. Carhart & Stout*, for appellee.

GUERNSEY, J.  This appeal came on to be heard on an order to show cause why it should not be dismissed for want of a final appealable order.  At the outset of the hearing the appellee orally moved that the appeal be dismissed.

As a stated first cause of action in his third amended petition filed on February 4, 1961, the plaintiff, Charles D. Mories, alleged the collision of a vehicle operated by him with one operated by the defendant, James P. Hendy, appellant herein; alleged the execution thereafter of a purported release procured through fraudulent representations or executed as a result of mutual mistake of the parties; and prayed that the purported release be cancelled and set aside.  Plaintiff's stated second cause of action was for damages for the personal injuries incurred by him in the collision alleged to have been proximately caused by the negligence of the defendant.

By his amended answer filed March 5, 1962, the defendant joined issue, and the action was thereupon tried to the court without a jury, solely on the issue as to the validity of the release.

On September 2, 1964, upon suggestion of the death of the plaintiff, the action was revived in the name of his administratrix, Catherine M. Mories, appellee herein.  On that date a journal entry was filed ordering the alleged release set aside.  A motion for new trial concurrently filed was thereupon overruled.  It is from these latter orders, or judgments, that defendant has attempted to appeal on questions of law and fact to this court.

The determinative issue raised at this time is whether in a case wherein a stated cause of action for the rescission and cancellation of a release is joined with a stated cause of action for negligence, which cannot be maintained without such rescission and cancellation, an appeal may be had on questions of law and fact from an order or judgment of the court setting the

release aside before trial has been had on the cause of action for negligence and judgment has been entered thereon.

In recent months this court had occasion to review the case of *Sloan* v. *Standard Oil Co.*, Marion County Court of Appeals Case No. 1134, involving the same type of petition but wherein no appeal was taken until after judgment was entered in favor of the plaintiff on the second cause of action. The appeal was then taken on questions of law and fact. Upon appellee's motion to dismiss the appeal as to the first cause of action as not having been timely perfected, this court ruled, without opinion, that the appeal should not be dismissed, and, in legal effect, that the court's determination of the first cause of action was to be considered in an appeal by the defendant from the final judgment in favor of plaintiff on the negligence phase of the action. Thereafter, on motion filed by the appellee to dismiss the appeal on questions of law and fact, this court found that the primary and paramount relief sought by plaintiff was a money judgment and that the cause was not one of those prescribed by Section 2501.02, Revised Code, as being appealable on questions of law and fact, and ordered the appeal dismissed on questions of law and fact and retained on questions of law only; in legal effect, requiring that both causes of action be heard on appeal in this court without a trial *de novo*. Subsequently, following hearing of the appeal of the entire action on its merits, this court affirmed the judgment of the trial court, and the defendant thereupon took its appeal to the Supreme Court.

Although we have been informed by counsel in this case that the propriety of this court's preliminary rulings, as above set forth, was raised in the Supreme Court, that court did not specifically pass thereon in its decision affirming the judgment of this court (*Sloan* v. *Standard Oil Co.*, 177 Ohio St. 149). Suggestion has been made that since the ruling on the motion to dismiss the appeal as to the first cause of action was made in favor of the appellant in this court, who was also the appellant in the Supreme Court, the appellant could not complain of such ruling. Nevertheless, if such ruling were improper, this court then had no jurisdiction to consider the appeal as to the first cause of action on its merits, nor did the Supreme Court. The Supreme Court's decision and the opinion written by Judge Herbert deal entirely with the merits of the

first cause of action, and it is implicit in such decision that appeal as to such cause of action is properly deferrable until liability on the second cause of action has been determined.

The *Sloan case* still leaves open the question of whether appeal *may* be perfected by the defendant, and disposed of, as to the cancellation and rescission of a release of liability before trial has been had as to the alleged liability of the defendant so released. It is obvious, of course, that if trial proceeds as to the second cause of action and the defendant prevails, any issue on the first cause of action becomes moot as to the defendant and he will not appeal. It is equally obvious, in such case, that if the plaintiff appeals a judgment against him on the second cause of action the defendant may then assign error as to the decision against him on the first cause of action in order to prevent reversal of the judgment of the trial court in his favor. Section 2505.22, Revised Code.

The first cause of action is equitable in nature and, alleging fraud and mistake, but not alleging fraud in the *factum*, is triable to the court without a jury. The second cause of action is legal in nature, and the parties are entitled to a jury trial thereof. The joinder of these causes of action has been recognized in the jurisprudence of Ohio for many years, and the procedure of trying the first cause of action separately and to the trial judge for his determination before the submission of the second cause to jury trial is likewise recognized. See, for example, *Shallenberger* v. *Motorists Mutual Ins. Co.*, 167 Ohio St. 494; *McCuskey* v. *Budnick*, 165 Ohio St. 533; *Dice* v. *Akron, Canton & Youngstown Rd. Co.*, 155 Ohio St. 185; *Picklesimer* v. *Baltimore & Ohio Rd. Co.*, 151 Ohio St. 1; *Flynn* v. *Sharon Steel Corp.*, 142 Ohio St. 145; and *Perry* v. *M. O'Neil & Co.*, 78 Ohio St. 200.

Former constitutional and statutory provisions, and court decisions interpreting such provisions, might be considered as tending to support the plaintiff's claim that a separate appeal could be initiated on questions of law and fact on the equitable cause of action before the legal cause of action goes to trial, or, in the alternative, to permit the entire case to be appealed on questions of law and fact after the legal issue has been determined. *J. P. Loomis Coal & Supply Co.* v. *Garchev*, 123 Ohio St. 316; *Ireland* v. *Cheney*, 129 Ohio St. 527; *Nordin* v. *Coulton,*

142 Ohio St. 277; *Borton* v. *Earhart*, 144 Ohio St. 334; *Meyer* v. *Meyer*, 153 Ohio St. 408; *Gantz* v. *Village of Louisville*, 155 Ohio St. 425; *Connelly* v. *Balkwill*, 160 Ohio St. 430; and *Westerhaus Co., Inc.*, v. *City of Cincinnati*, 165 Ohio St. 327 (proceeding commenced before amendment of Section 2501.02, Revised Code [126 Ohio Laws 56], effective October 4, 1955; see note at bottom of page 333 of Judge Taft's opinion). See, also, the procedure following in *Bingham* v. *Nypano Rd. Co.*, 112 Ohio St. 115.

However, since the amendment of Section 6 of Article IV of the Constitution, effective in 1945, followed by the amendment of Section 2501.02, Revised Code (126 Ohio Laws 56), effective October 4, 1955, and insofar as appellate jurisdiction is now concerned, the distinction between chancery cases and law cases no longer obtains. As stated in Judge Herbert's opinion in *Hawkins* v. *Hawkins* (1964), 176 Ohio St. 469, at 471:

"It is apparent now that the determination of the question whether an appeal is one on questions of law and fact or on questions of law only is entirely controlled by statute. Section 2501.02 of the Revised Code. Decisions prior to this legislative enactment are no longer controlling in this area."

See, also, the concurring opinion of Chief Justice Taft at page 474.

In pertinent part, Section 2501.02, Revised Code, now provides:

"Upon an appeal on questions of law and fact the Court of Appeals, in *cases* arising in courts of record inferior to the Court of Appeals within the district, shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the *case*, in the following classes of *actions*, seeking as a primary and paramount relief:

"* * *. [Here appear ten designated classes of actions.]

"In all *cases* not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only." (Emphasis added.)

It will be observed that the Legislature has used the terms, "cases" and "actions," and has not made reference to "causes of action," a distinction with a difference. 1 Corpus Juris Secundum 961, Actions, Section 1 j (1)(a). It will further be

observed that the Legislature contemplates that such cases and actions may seek mixed relief, *i. e.*, "primary and paramount relief" together with secondary and subordinate relief. It appears obvious that the Legislature contemplated and intended that there should normally be only one appeal of a "case" to the Court of Appeals, that that appeal should be of the "case" in its entirety, including all *causes of action* therein, and that the Court of Appeals should proceed to consider the entire case on appeal in only one of two different manners, *i. e.*, either (1) as an appeal on questions of law and fact if the primary and paramount relief sought is that of one of the ten designated classes of actions, or (2) as an appeal on questions of law only in all other cases.

Consistent with this "entire case" conclusion as to legislative intent in the interpretation of Section 2501.02, Revised Code, are the decisions of the Supreme Court expressing the conclusion that there is only one appeal in a cause itself, and errors predicated upon each ruling must be presented in the same appeal. See *Hurt* v. *Charles J. Rogers Transportation Co.* (1953), 160 Ohio St. 70, wherein an appeal from an order determined to be final had to be deferred until after the disposition of a motion for new trial; and *Anderson* v. *Richards* (1962), 173 Ohio St. 50 (overruling *Jolley* v. *Martin Brothers Box Co.*, 158 Ohio St. 416).

We might have concluded on the basis of such authorities alone that even if the order of the Common Pleas Court setting aside the release constituted a final order appeal therefrom would have to be deferred until after judgment was entered on the second cause of action.

However, there is another string to the bow, *i. e.*, the matter of whether this order is actually final. Under Section 2505.02, Revised Code, an order to be final must affect a substantial right and have the effect of determining the action and preventing final judgment. *Humphrys* v. *Putnam* (1961), 172 Ohio St. 456, 457. In Judge Hart's words in *Hoffman* v. *Knollman*, 135 Ohio St. 170, at 184:

"* * * There must be a dismissal of the action or some judgment in the broadest sense, determining the ultimate rights of the parties. * * *"

See, also, *Diemer* v. *The Putnam County Farmers Mutual*

*Ins. Co.*, 81 Ohio App. 185; and *Grahl* v. *Matthews*, 172 Ohio St. 135.

In the very early case of *Holbrook, Admr.*, v. *Connelly* (1856), 6 Ohio St. 199, the entire opinion of Chief Justice Bartley reads:

"No *final order*, within the meaning of the 512th Section of the Code of Civil Procedure, is shown to have been made. It does not appear that either of the decisions made '*in effect determined the action and prevented a judgment.*' For aught that appears, the defendant may yet succeed in his defense to said action. The record, therefore, discloses no foundation for a proceeding in error."

In this appeal "for aught that appears, the defendant may yet succeed in his defense to said action," the order setting aside the release has not "in effect determined the action and prevented a judgment," and does not constitute a *final order*.

Resort may also be had to two comparatively recent decisions of the Supreme Court which involved actions where equitable relief was necessary before relief at law was available. In the case of *Meyer* v. *Meyer* (1950), 153 Ohio St. 408, the judgment, or order, of the trial court setting aside a separation agreement for fraud other than in the *factum* was held to be appealable on questions of law and fact *with* its judgment that the wife was entitled to the alimony which otherwise would have been barred by a valid agreement. That case was decided before the Legislature adopted the amendment to Section 2501.02, Revised Code, setting forth the classes of actions appealable on questions of law and fact. The legal effect of the decision in the *Meyer case* has been superseded, however, by the decision in *Hawkins* v. *Hawkins* (1964), 176 Ohio St. 469, wherein it was held that in an action seeking a declaration that an antenuptial agreement is void and of no effect, and that a surviving spouse is entitled to her statutory share which would have been barred by a valid agreement, the primary and paramount relief sought is the statutory share and the action, not coming within the classes of actions designated in Section 2501.02, Revised Code, as being appealable on questions of law and fact, is appealable on questions of law only. In that case the trial court, exercising its equitable jurisdiction, upheld the agreement and thereupon determined that the surviving spouse

was barred by the agreement from receiving her statutory share of the estate of the decedent. Notwithstanding that the legal aspect of the case was not tried beyond this latter determination, the character of the appeal was controlled by a consideration of the entire case and not merely by a consideration of the equitable portion thereof primarily tried and disposed of by the trial court.

The "entire case" theory of appeal is particularly applicable here for until the "entire case" has been disposed of in the trial court the order setting aside the release is not final. But if it were final it could not be appealed until the "entire case" should be appealed. *Hurt* v. *Charles J. Rogers Transportation Co.*, 160 Ohio St. 70.

Reference should also be made to the case of *Perry* v. *The M. O'Neil & Co.* (1908), 78 Ohio St. 200, where the equitable and legal issues were appealed together, and where in his opinion Judge Summers cited with favor as to procedural questions the case of *Courtney* v. *Blackwell*, 150 Mo. 245, 51 S. W. 668, in which the Missouri Supreme Court said, at page 274:

"* * * The statute does not contemplate a dismemberment of the action at any stage of the proceedings, whereby a part of it might be brought to this court and be pending here, while the other part of it was left pending in the circuit court. On the contrary its obvious meaning is that the whole case shall be disposed of in the trial court before it is in condition for appeal."

Although we consider the foregoing completely dispositive of the issue now before us on this appeal, we feel that it would be well to note a matter which might have been considered pertinent. Since two causes of action were stated and alleged in the petition, this author, as have other authors in similar cases, has loosely and generally referred to two *causes of action*, one equitable and one legal. Such references might seriously be questioned for the negligence liability set forth in the second cause of action may not be determined without the previous or concurrent setting aside of the release of such liability. *Shallenberger* v. *Motorists Mutual Ins. Co.*, 167 Ohio St. 494, 497; and *Picklesimer* v. *Baltimore & Ohio Rd. Co.*, 151 Ohio St. 1. The so-called second cause of action is not actionable and has no existence, therefore, independently of a favorable ruling

for the plaintiff on the first cause of action. It might more properly be said that when these two "causes of action" are pleaded in the same case, they, in fact and in law, constitute one cause of action made up of two essential *issues,* one equitable, and triable to the court, and the other legal, and triable to a jury. 1 Corpus Juris Secundum 1184, Actions, Section 64. So viewed, and regarding the substance rather than the form of the pleading, the case would consist of only one cause of action and no appeal could be had prior to final judgment thereon.

The judgment, or order, setting aside the release was neither a final order nor a final appealable order, and the motion of the appellee to dismiss the appeal is sustained.

*Judgment accordingly.*

YOUNGER, P. J., and MIDDLETON, J., concur.