### COLBY v PRICE et

Ohio Appeals, 2nd Dist, Franklin Co
No. 2020.   Decided June 11, 1931

Harry Kohn, Columbus, for Colby.
F. S. Crooks, Columbus, for Price et.

LEVINE, J (8th Dist), sitting in place of KUNKLE, J.

LEVINE, J.

This phrase as used in the Constitution was construed by the Supreme Court of Ohio in the case of **Forest City Investment Co. v Hass, 110 Oh St p 188.** It was therein held that a proceeding for the appointment of a receiver does not constitute a chancery case within the language of Sec. 6, Art. 4 of the Ohio Constitution, that while such order is a judgment which may be reviewed by the Court of Appeals on error, it is not appealable. In the opinion of the Supreme Court the case of **Thompson v Denton, 95 Oh St 333** is referred to and discussed. In this latter case the Supreme Court held that an order fixing compensation of a receiver was a final order from which appeal would lie. The opinion proceeds to state that since the instant case of Investment Co. v Hass cannot be distinguished in principle from Thompson v Denton, supra, it follows that the decision in Thompson v Denton must be overruled. As we view the policy of this state as set forth by the Constitution of Ohio, it was designed to provide two methods of correcting the wrongs complained of by the aggrieved parties, the one through the channel of error proceedings, wherein a review is allowed in the Court of Appeals from all judgments and final orders of courts of record inferior to that of the Court of Appeals. The second method is by way of appeal which

contemplates a trial de novo and a complete transfer of the case from the jurisdiction of the inferior court to that of the Court of Appeals.

When the Constitution confined the appellate jurisdiction of Courts of Appeals to "chancery" cases it intended thereby to limit such appellate jurisdiction to an appeal of the entire case after final disposition of same by the court inferior to the Court of Appeals. It was not considered sound policy to permit a case to be split into several fragments, part of which to remain in the court wherein the action was originally filed while another part is transferred to the Court of Appeals.

There can be no question that the order refusing the application of Wasserstrom is a final order and that its correctness could be tested by the filing of petition in error to the Court of Appeals. He chose a different course and seeks in effect to accomplish a review of an alleged erroneous order by the method of appeal. We are of the opinion that such procedure is not now possible in Ohio. In order to effectively perfect an appeal, it must appear that the chancery case in which appeal is sought was finally and completely disposed of in the court wherein it was filed. In such case the perfecting of the appeal operates as a complete transfer of the entire case from the jurisdiction of the court wherein it was originally filed to the Court of Appeals. There can be no appeal as long as the entire case is not transferred from the jurisdiction of the inferior court to that of the Court of Appeals. If the chancery case originally filed in the Court of Common Pleas is still a pending action in said court there is but one method for the testing of final orders made by such inferior court, namely, by the filing of a petition in error seeking to review the correctness of same.

As we see it, the framers of the Constitution of Ohio, in using the phrase "chancery cases" intended that appeal to the Court of Appeals should lie only when by its process the entire case is transferred to the Court of Appeals, as distinguished from one part or one step in a case which still remains pending in the court wherein it was commenced.

In the case at bar, had the party chosen to test the correctness of the ruling in the Common Pleas Court, in refusing Wasserstrom's application by the filing of a petition in error, the matter would have been properly before this court as this court could make such order on review as would effectively cure or remedy any substantial wrong complained of by the aggrieved party.

We conclude this court is without jurisdiction to entertain this appeal as the same is directed to but one order or one step in a case which is still a pending action in the Court of Common Pleas. In view of the foregoing it is ordered that the appeal be dismissed.

ALLREAD, PJ, and HORNBECK, J, concur.