Marshall, C. J.
 

 This review involves the interpretation of that provision of the Constitution con
 
 *456
 
 ferring the right to appeal to the Court of Appeals. The original suit praying construction was filed under favor of Section 10857, General Code, which provides: “An executor, administrator, guardian, or other trustee, may maintain an action in the court of common pleas against the creditors, legatees, distributees, or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered, and the rights of the parties in interest, in the manner, and as fully, as formerly was entertained in courts of equity. ’ ’
 

 Whatever doubt may exist as to the breadth of that section in conferring power upon an administrator, or in conferring jurisdiction upon the court of common pleas, is not considered in this case.
 

 It was evidently the intention of the Legislature by that section to invest the court of common pleas with jurisdiction to enter declaratory judgments and to relieve the administrator from the responsibility which formerly attached on being required to use his own judgment, or that of his counsel, and to have his acts later questioned on exceptions to his final account.
 

 There are a multitude of questions which ordinarily trouble administrators in the administration of estates other than construction of wills, concerning which the court may not authoritatively give direction, but it has nevertheless been the uniform practice, upon application, for courts of common pleas to construe the language of wills, and this entirely without regard to whether they involve trusts.
 

 This statute was first enacted April 17, 1857 (54 Ohio Laws, 202, 204), and although it has been
 
 *457
 
 amended several times there has been no material change since its first enactment. Prior to 1857 courts of common pleas, whether upon the law or the equity side, could not have given directions or judgments in the administration of estates, and we shall not inquire in this proceeding whether under that section the common pleas court could give direction or judgment in matters other than those involving trust relations.
 

 The constitutional provision relating to appeals from the court of common pleas to the Court of Appeals need not be repeated, because it is conceded that such appeals can only be taken in chancery cases. The sole inquiry, therefore, is whether the action in the court of'common pleas in the instant case was a chancery case.
 

 Though the changed jurisdiction of the Court of Appeals to hear cases on appeal has been in effect nineteen years, attorneys continue to misconceive the basis of the right. In
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159, and
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397, 400, the right was declared to be a constitutional one and beyond the reach of legislative limitation or enlargement. It was made clear that the statute which formerly gave an appeal in all cases where a jury could not be demanded is no longer valid, and that cases not triable by jury are not necessarily chancery cases.' Each year a large number of eases are appealed from the trial courts to the Courts of Appeals, only to be dismissed because they are not in fact chancery cases; and not a few of them each year are carried to the Supreme Court on the constitutional ground, where they are again dismissed be
 
 *458
 
 cause the particular question is no longer debatable. It frequently results that meritorious cases are denied review because of the mistaken remedy, and that substance is sacrificed to form. The mistake is not always that of the novitiate. Seasoned lawyers and experienced judges frequently differ in opinion as to the appealability of given cases. It has become a seriously mooted question whether the constitutional amendment of 1912 was not a serious mistake. If so, it is a political problem which courts may not correct by the process- of interpretation. In the overwhelming majority of cases the question of appealability can be solved with certainty by patient research in the principles of equity jurisprudence. There is, however, a twilight zone of cases where the difficulty is a real one. In such cases it becomes necessary to search both the English and American authorities to ascertain what has been decided by English courts of chancery and American courts of equity.
 

 Equity is a separate system of jurisprudence whose principles are universal among jurisdictions which administer the common law. It is as old and its principles are as fixed and permanent as those of the common law itself. It follows that the basis of American equity jurisprudence must be found in the equity jurisdiction of the high court of chancery in England. It finds its basis and its concept in English equity jurisprudence, yet it finds no limitations anywhere. It is progressive and expands and develops with the progressive changes of modern civilization; yet, as was declared in
 
 Wagner
 
 v.
 
 Armstrong,
 
 supra, “the term in our new Constitution cannot be regarded as affected by the provisions of
 
 *459
 
 statutes relating to appeals nor by the introduction bodily of equitable remedies into our statutes.”
 

 Following that declaration, it must be said that Section 10857, General Code, does not create new, equitable remedies. That statute provides a legal remedy for construction of wills involving only legal estates. It must be held that on the equity side of the court of common pleas that section only authorizes the direction and judgment of the court in matters where trust estates are involved, and that as to all other matters they are heard on the law side of the court.
 

 If the legislature should be declared to have the right to provide an equitable remedy, and make it the basis of appeal as a chancery case it would follow that it would be in the power of the legislature to materially change the jurisdiction of the Court of Appeals.
 

 In the case of
 
 Gearhart
 
 v.
 
 Richardson,
 
 109 Ohio St., 418, 142 N. E., 890, recently decided by this court, it was declared in the first syllabus: “An action construing a will creating a charitable trust is equitable in nature * * *.” That was the first case involving the right of appeal from a judgment of the common pleas court construing a will since the constitutional amendment of 1912, and even that case throws no light upon our present inquiry, because it did, in fact, involve a charitable trust.
 

 Our attention has been called in argument to
 
 Collins
 
 v.
 
 Collins,
 
 19 Ohio St., 468;
 
 Corry
 
 v.
 
 Fleming et ux.,
 
 29 Ohio St., 147, and
 
 Bowen
 
 v.
 
 Bowen,
 
 38 Ohio St., 426. In each of these cases the opinion contains language which indicates that it is only where a trust is involved that a party can go into a court of
 
 *460
 
 equity to obtain the construction of a will. When the cases are carefully examined, it will be found that the construction of the will was not the principal relief sought, but that in the controversies then before the court the interpretation of the will was a necessary incident.
 

 Another source of authority on this subject is the equity jurisprudence as administered by the High Court of Chancery in England. That court did interpret wills where trust estates were involved, and it refused to interpret wills involving purely legal'estates. We are unable to find a single case where the high court of chancery ever entertained a suit brought solely for the purpose of interpreting the provisions of a will, without any further relief. It was careful to draw the distinction, in the exercise of its jurisdiction, between those wills involving trusts and those which involved purely legal estates.
 

 It may therefore safely be said that the cases decided by the High Court of Chancery are authority for the proposition that where a will devises and bequeaths estates purely legal in character, and involving no trust relations, it does not present a chancery case. We therefore find no error in the judgment of the Court of Appeals, and its judgment must be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.