### McDIARMID, TEE v McGREW et

Ohio Appeals, 1st Dist, Hamilton Co

No 4026. Decided March 14, 1932

Thomas D. Slattery, Cincinnati, for plaintiff, C. J. McDiarmid.

Joseph O'Meara, Jr., Cincinnati, for defendants, Mollie McGrew and John D. Gates.

Willard Brunsman for defendants, Clarence W. McGrew, Norman W. McGrew, and Helen Charlton.

HAMILTON, J.

The first question confronting this court is whether or not there is any right of appeal in the case, and is, therefore, jurisdictional.

The jurisdiction of this court to hear a case on appeal is defined in the Constitution and is limited to chancery cases. While questions involving the construction of trusts are cognizable in chancery, does the case under consideration involve that question?

The item in question sets apart $5,000 from decedent's estate to be invested for the benefit of Clara D. McGrew, the income to be paid to her during her life "and at her death the principal shall be paid in equal shares to her children or their heirs, respectively."

It appears that Clara D. McGrew had five children at the time of the taking effect of the will. She died, leaving three of the children, the appellants here, surviving her. Stanley McGrew died prior to the death of

his mother, Clara D. McGrew, leaving no children, but leaving his wife, Mollie Mc-Grew, surviving.

Nora McGrew died prior to the death of her mother, without children, leaving her husband John D. Gates surviving.

There is no construction of a trust presented. Neither is the construction of the will required.

The proposition presented is nothing more than the request that the court find who are the heirs to receive the principal of the legal estate.

Our conclusion is that there is no chancery question involved. The appeal will be dismissed. See: **Crowley, Admr v Crowley et, 124 Oh St, 454** (Ohio Bar Association Report, Feb. 9, 1932, page 454).

ROSS, PJ, and CUSHING, J, concur.