## SPRINGFIELD PURITY DAIRY CO v CRABILL

Ohio Appeals, 2nd Dist, Clark Co

No 344.   Decided Nov 13, 1934

Keifer & Keifer, Springfield, for plaintiff.

Aaron J. Halloran, Springfield, and Richard LeFevre, Springfield, for defendant.

## OPINION

### By THE COURT

This case has been submitted to the court upon the motion of plaintiff to dismiss the appeal of defendant. The motion so filed by plaintiff is as follows:

"Now comes plaintiff and moves this court—

(1) To dismiss and disregard the appeal herein as to the decree of the Common Pleas Court of Clark County, Ohio, rendered January 16, 1932, because said decree was not appealed from within the time provided by law, and

(2) To dismiss and disregard the appeal herein as to the order of the court below, made May 5, 1934, in the matter of the charges against the defendant below of disobedience to the order of injunction, because such matter is not appealable."

In brief plaintiff sought an injunction against the defendant and also damages. The prayer of the petition is as follows:

"Wherefore plaintiff prays that pending the final hearing of this suit the defendant be enjoined from carrying on the business of selling bottled milk in the city of Springfield and its suburbs, and upon final hearing hereof said injunction may be made perpteual as to such sale until October 1, 1938; that a thousand dollars damages be awarded for the injuries sustained; and for such other and further relief as equity and the nature of the case may require."

An answer was filed and issue was thus joined and the case was submitted to the court with the result that on January 19, 1932 the court overruled the demurrer of defendant to the petition and the defendant not desiring to plead further except as to the matter of damages the defendant was enjoined for the period of ten years from October 1, 1928, from engaging in the business of selling bottled milk in the city of Springfield, Ohio, and its suburbs * * *

This judgment entry also contains the following provision:

"The matter of ascertaining and fixing the amount of damages due to plaintiff from defendant is reserved for further hearing and further order of the court."

Subsequently an affidavit was filed against defendant charging him with violation of the injunction.

On May 5, 1934, the case came on for hearing upon the matter of ascertaining the amount of damages to plaintiff from defendant and was submitted to the court. upon testimony and arguments of counsel. The court in this entry found plaintiff was entitled to damages from defendant in the sum of $6.00. The entry shows that the matter came on further to be heard upon the charges of contempt filed against the defendant and the court found that the defendant had been guilty of disobeying the order of injunction. It was further considered by the court that the order of injunction herein be construed enjoining the defendant from engaging in the business of selling bottled milk and cream or other forms of milk, for the period and upon the terms as hereinbefore provided.

From this judgment and order of the court an appeal has been taken and bond filed.

If it was incumbent upon defendant to appeal from the order and judgment of January 19, 1932, then the appeal bond was not filed within time.

The defendant insists that he was not required to perfect an appeal until the entire case was disposed of and that as the entry of January 19, 1932 expressly reserved a portion of the case, namely, the ascertainment of the amount of damages until further order of the court, and as this branch of the case was not heard and determined until May 5, 1934, that his appeal was filed within time.

If the appeal is controlled solely by the judgment entry of May 8, 1934, then the appeal was filed within time. It will be noted also that in this entry of May 8, the former order of injunction is modified or construed as follows:

"It is further by the court considered that the order of injunction herein construed as enjoining the defendant from engaging in the business of selling bottled milk and cream, or other forms of milk, for the period and upon the terms as hereinbefore provided."

Under the facts disclosed by these journal entries we are of opinion that the motion of plaintiff is not well taken and should be overruled.

We think the defendant was not required to either appeal or prosecute error until the case was finally disposed of and it is apparent from the entry of January 19, 1932, that one phase of the case was expressly reserved.

In the case of **Colby v Price et, reported in 39th Ohio Appellate Reports at page 198, (10 Abs 297)** the sixth paragraph of the syllabus is as follows:

"To perfect appeal of chancery case to Court of Appeals, it must appear that case was finally and completely disposed of in the lower court. **(Article IV, §6, Constitution).**

On page 201 of the above mentioned case this court, among other things, states:

"As we see it, the framers of the Constitution of Ohio in using the expression 'chancery cases', intended that appeal to the Court fo Appeals should lie only when by its process the entire case is transferred to the Court of Appeals, as distinguished from one part, or one step in a case, which still remains pending in the court wherein it was commenced."

From a consideration of the authorities submitted as above stated, we are of opinion that the motion of plaintiff is not well taken and should be overruled.

If counsel desire this case heard upon its merits at an early date, we will be glad to accommodate them by hearing the case at our next term of court in Dayton.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.