**WHITING v BERTRAM et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4826. Decided June 10, 1935

Arthur L. Wolf, Cincinnati, for plaintiff. Hauer, Topmoeller & Arnold, Cincinnati, for defendants.

**OPINION**

By MATTHEWS, J.

The action is one seeking the construction of the will of Estelle C. Brockman.

The Common Pleas Court entered a decree construing the will, and the plaintiff has taken the necessary proceedings to bring the case to this court on appeal, if it is an appealable case. As that question involves the jurisdiction of the court, and its authority to hear and determine the issues between the parties, it must be examined and settled before the merits of the case are considered.

This court has jurisdiction on appeal in chancery cases only. The constitution does not, and the legislature cannot, confer jurisdiction on appeal beyond that.

Sec 10504-66, GC, expressly recognizes actions by fiduciaries, asking the direction or judgment of the court in any matter respecting the trust estate "in the manner, and as fully, as formerly was entertained in courts of equity." Jurisdiction is conferred upon the Probate Court and Court

of Common Pleas to entertain such actions. §10504-67, GC, authorizes such an action by a beneficiary upon the refusal of the fiduciary to file it.

Sec 12102-1, GC, et seq, confer jurisdiction upon courts of record to render declaratory judgments. The relief sought in this action is of that nature. When the case was cognizable by chancery, relief of this character was afforded. The question is whether the case presented is a chancery case, and that depends on whether this particular will created a trust.

Item 5 of the will is the only part that is important in this inquiry. It is:

"I will and direct that my executors hereinafter named, hold in trust the sum of Fifteen Hundred ($1500.00) Dollars, and with the income thereof provide for the decoration of the graves of my parents, sisters and brothers enumerated in Item Three, and also my own grave on the following days of each and every year:—Easter, Decoration Day and Christmas Day. In addition to the above, I will and direct that similar provision be made for the decoration of my mother's grave, on the day set aside by custom, known as "Mother's Day." Said executors to have the right, at any time they desire, to no longer act as trustees of said fund, to make arrangements with the Spring Grove Cemetery Association, to continue the decoration of the above enumerated graves, in the manner directed, for the sum of Fifteen Hundred ($1500.00) Dollars."

It will be observed that the language is that of directions or instructions to the "executors." It is true that the testatrix recites that the money is to be held in trust, but it seems to us that there is no indication that she had in mind anything other than the fiduciary relation occupied by the executors in their relation to her estate generally. This view is strengthened by the fact that no cestui que trust is named or pointed out. That a private trust cannot exist without a cestui que trust is elementary. 26 R.C.L. 1189.

The further provision authorizing the executors to contract or arrange with Spring Grove Cemetery Association to perform this service is an additional indication that the intent was to create a power attached to the executorship, rather than a separation of the title to this fund into its legal and equitable aspects. The Cemetery Association is expressly authorized by §10110, GC, to accept a fund in trust for such a purpose, and under the statute required to carry it out.

In Crowley, Admr. v Crowley et, 124 Oh St, 454, it was held, as stated in the syllabus, that:

"A proceeding by an executor or other fiduciary, asking the direction or judgment of the court as authorized by §10857, GC, respecting an estate which does not involve a trust, is not a chancery case, and therefore not appealable to the Court of Appeals under §6 of Article IV of the Constitution."

Having found that this will does not create a trust, it follows that this court has no jurisdiction on appeal from the judgment of the Common Pleas Court. For that reason, this action is dismissed.

ROSS, PJ, and HAMILTON, J, concur.