OPINION
BY THE COURT:
The above-entitled cause is now being determined on motion of Wilson & Rector to dismiss the appeal on questions of law and fact, on the claimed ground that the order and judgment appealed from were not in chancery entitling appellants to a de novo hearing.
In the Common Pleas Court plaintiff filed four actions seeking partition of described real estate. While the case- was pending, the plaintiff conveyed her interest in the real estate described in the petition to W. Lyman Case, and thereafter the latter was substituted as plaintiff. The substituted plaintiff and the defendants then agreed that it would not be to the interest of the owners that the premises be partitioned and consented and agreed to the dismissal of the petitions and the cross-petitions, without prejudice.
Thereupon, the defendants filed an application in each case, reciting steps in the litigation and requesting that if the Court should allow counsel fees to attorneys for plaintiff, that a part thereof should be allowed to counsel for the defendants.
The question of allowance of attorney fees was heard before all the Common Pleas Judges of Franklin County, sitting en banc, and an allowance made to Wilson & Rector, counsel for plaintiff, in each of the four cases, totaling tho sum of $32,000.00. This allowance was duly journalized as the judgment of the Court. See Fibbe, et al. v. Poland, 24 Oh Ap 532. Within statutory time defendants filed notice of appeal on questions of law and fact.
The next step in the proceedings was a motion by Wilson & Rector, asking to be made parties by reason of their interest in the fees allowed.
This application was resisted and after hearing our Court, with considerable reluctance, granted the application. Thereafter Wilson &s Rector filed the following motion in each of the four cases:
•‘Now come Fred C. Rector, Richard T. Rector and Harrison W. Smith, defendant-appellees, and move the court for an order dismissing the appeal herein, for the reason and upon the ground that the alleged judgment and order appealed from is not appealable on questions of law and fact.”
*242 Counsel for appellants now urge that Wilson & Rector may not be heard on their motion to dismiss the appeal on questions of law and fact, for the reason that they were not made parties defendant for the purpose of attacking the appeal but for the sole purpose of being heard on the allowance of attorney fees to them.
Regardless of the right of Wilson & Rector to raise the question. our Court may in its discretion sui sponte determine the appeal-ability of the order on questions of law and fact.
In 1931 the Court of Appeals of this district, in the case of Colby v Price, et al, 39 Oh Ap, 198, so held.
In recent years our Court generally has adhered to the policy of not questioning the form of appeal unless directly challenged by appellees. The Supreme Court has held in several cases that, in the absence of objection, appellees will be considered to have waived the question after submission and judgment.
This does not mean that the Courts of Appeals may not determine the question sui sponte, and we now so determine it, if perchance the firm of Wilson & Rector cannot be heard.
Under the Ohio Constitution of 1912, prescribed jurisdiction of Courts of Appeals was only allowed in chancery cases. As the law then stood review was had through the filing of a petition in error and de novo hearing by giving notice of appeal.
Under the new Procedural Act, effective in 1933, the Legislature modified the former procedure by providing for notice of appeal both in error and de novo bearings. Notice of appeal on questions of law meant review on error, and notice of appeal on questions of law and fact meant chancery appeal.
The new Procedural Act did nothing more than change the method of transferring the case from the trial court to the Court of Appeals. The Legislature could not and did not attempt to restrict the constitutional provisions, and a de novo hearing was limited to chancery cases.
It is now definitely determined by the Supreme Court of Ohio that a partition action is one in chancery. For some time following the constitutional amendment of 1912 this question was controverted. Some courts held that since the Legislature had provided for statutory partition, a partition action brought under the statute was a special statutory proceeding and not a chancery action.
In 1916 the Supreme Court of Ohio, in the case of Wagner v Armstrong, et al, 93 Oh St, 443, determined that §12224 GC purporting to vest Courts of Appeals with jurisdiction in the trial of cases on appeal is unconstitutional and void. It is further provided in Syllabus 1:
“The jurisdiction of courts of appeals in the trial of cases on appeal is expressly limited by the constitution to chancery cases, and this jurisdiction can not be enlarged by the general assembly.”
Syllabus 2 reads as follows:
2. All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law.”
*243 The Supreme Court of Ohio definitely determined “that certain orders or judgments in partition cases may not be appealed to courts of appeals for hearing de novo.”
These judgments and orders come under the classification of ancillary and ineidental orders. Counsel for appellants concede this to be the law in the following statement:
“If it is an order made for the appointment of a receiver, or for the confirmation or approval of the .receiver’s report, or an order incidental to the proceeding and not anticipated by the pleading in the case or required by the statutory proceeding, then it was appealable only on questions of law.”
Wilson & Rector in their brief, in substance, state the same general proposition. Their divergence in argument arises on the question as to whether or not the allowance of attorney fees is or is not an order ancillary or incidental made in the partition case.
Specifically, counsel for appellants say that the allowance of attorney fees is an order following naturally in the partition case, -and therefore is appealable on questions of law and fact. Opposing, Wilson & Rector urge that an action for partition is brought for the. purpose of determining property rights, interest therein of the respective parties, and a parting in accordance with their ownership, and that the allowance of attorney fees is incidental and hence can only be reviewed on error.
The determination of this question is attended with considerable difficulty. We want to compliment counsel in presenting very able and comprehensive briefs. The indexes are not in complete accord with our suggested rule, particularly in that counsel in support of the motion indexes his cases in alphabetical order rather than in order of citation and under appropriate headings.
In the final analysis we must determine the law in the light of the 1912 constitutional amendment.
Prior to the constitutional amendment appeals were not confined to chancery cases, but, nevertheless, it is appropriate to examine the earlier decisions of the Ohio courts, particularly in view of the fact that some courts in Ohio question any modification on what are ancillary- or incidental orders. Investment Co. v Haas, 110 Oh St 188, 193, 194.
One of the early cases to which we refer is that of McRoberts v Lockwood, 49 Oh St 374, decided May 3, 1892. This was a partition action. One of the parties, not being satisfied with the division made by the commissioners, appealed the case to the Circuit Court. This-court upon motion dismissed the appeal. The Supreme Court, under Syllabus 2, made the following determination:
“In such case the final judgment from which an appeal may be taken, is not an order of the court made in confirming or setting aside the proceedings of the commissioners, or of the sheriff in aparting or selling the premises, but, is that which finds the parties to be entitled to partition, ascertains and declares the portion of each and orders the share of each to be aparted in their several owners.”
Section 5227 of the Revised Statutes was then in existence and prescribed the right of appeal.
It is important to examine this section in connection with the constitutional amendment of 1912, *244 and the New Procedural Act in order to determine whether or not the difference in language has any bearing on the question of what is an ancillary or incidental order.
In 1881 the District Court of Hamilton County, in a partition case, made the following pronouncement:
“An appeal does not lie from an order confirming or refusing to confirm a sale in partition. A petition in error furnishes the only mode of review.” Robinson v Bayruff, et al., 6 O. Dec. Rep. 485.
In 1903 the Circuit Court of Hamilton County, in a partition action wherein an attempted appeal was taken from the trial court’s overruling of a motion for allowance of attorney fees, determined:
“An appeal does not lie to the overruling of a motion in a partition case.”
In the opinion the statement is made that “error is the only remedy.” Wilder v Wilder, et al., 1 C. C. N. S. 88.
In 1899 the Circuit Court of Hamilton County deciding the case of Jordan v Jordan, 8 C. C. 431, made the following pronouncement :
“A decree for partition is appealable, but a final order or judgment confirming commissioners’ report and adjudging payment of attorney fees is not appealable.”
We now go to the reported cases following the constitutional amendment of 1912.
The first case is that of Wagner v Armstrong, et al., already referred to and reported in 93 Oh St 443. In fact this case embraces three appeals from different counties. The only thing of importance in this case, as heretofore noted, was the determination that a partition action is one in chancery.
The next case in order is that of Thompson v Denton, 95 Oh St 333. The syllabus in this case reads as follows:
“Under the provisions of §6, Art. IV of the Constitution of Ohio, an appeal will lie to the court of appeals from an order of the court of common pleas fixing fully and finally the compensation for the services of a receiver in a chancery case.”
This case would be strongly supporting to appellants’ position in the instant case but for the fact that in 1924, by action of the Supreme Court, it was overruled. Forest City Investment Company v Haas, 110 Oh St 188. We will give some attention to the Haas case later.
A reading of the opinion in the Thompson v Denton case, supra, will be found interesting in that the Chief Justice was disturbed over the possibilities that proceedings in error might not lie, and if such be the fact there would be no remedy unless the jurisdiction to hear the appeal be sustained'.
At the January Term, 1922, the Supreme Court had under consideration the case of Chandler & Taylor Company v . Southern Pacific Company, 104 Oh St 188, and therein specifically met the question that was bothering the Chief Justice in the Thompson v Denton case, supra, and determined under a similar situation that there was the right of review on error by the Court of Appeals.
*245 In the case of The Forest City Investment Company v Haas, 110 Oh St 188, the Supreme Court determined (Syllabus 2) that a proceeding for the appointment of a receiver does not constitute a chancery case within the purview of §6 Art. IV of the Ohio Constitution, as amended in 1912. Syllabus 3 in this case reads as follows:
“3. Such an order is a ‘judgment’ which may be reviewed by the court of appeals on error but not on appeal.”
The case of Thompson v Denton, supra, is overruled. Jones, J., in rendering the opinion on page 191, refers to the case of Chandler & Taylor Co. v Southern Pacific Company, supra, determining that a final order is a judgment; and later, at page 195, states that undoubtedly the apprehension that the order in the Denton case, supra, was not a judgment from which error could be prosecuted, was an active reason which led the court to declare in that case that an order fixing compensation of a receiver was a final order from which appeal would lie.
As bearing on the question as to whether or not the proceeding relating to the compensation of a receiver was ancillary or incidental, we find the following on page 194 of the opinion:
“While it may be conceded that a trial occurred in the common pleas court upon the application for the appointment of a receiver, it was not a trial of any ‘case’, within the purview of the constitutional section. The proceeding relating to the appointment of a receiver was incidental to the action or case made by the parties; not only was this proceeding ancillary to the case, but its sole purpose was to conserve the property for the interested litigants until the issues in the case were finally determined. With its termination the officer’s functions ceased. The order made was provisional and was simply an order made in a case. Giving, therefore, the provision of the amended Constitution its ordinary and usual meanng, we are unable to conceive how the proceeding for the appointment of a receiver can be held to be a chancery case. That order, though a final one, cannot be reviewed by the Court of Appeals by way of appeal.”
We also quote from the opinion, starting at the bottom of page 193 to the end of the paragraph, on page 194:
“These and other cases decided by this court distinctly announced the form of legal procedure in effect prior to the adoption of our Constitution as amended in 1912. The newly adopted provision above quoted certainly does not disclose an intention of changing the former rule of procedure upon this subject in this class of cases. Rather do the terms employed tend to exclude the right of appeal from final orders purely ancillary in character.” (Emphasis ours.)
In the case of Casey v Gaffner, 22 Oh Ap 73, the Court of Appeals for Hamilton County made the following pronouncement as disclosed in Syllabi 1, 2, 3 and 4:
“1. Appeal 'may properly be taken from allowance of attorney fees in chancery cases.
2. Foreclosure of mechanic’s lien is a chancery case.
3. Order allowing attorney’s fees in mechanic’s lien foreclosure held appealable.
4. Award of attorney fees to plaintiff in mechanic’s lien fore *246 closure under §8323 GC, held improper, where fund realized on judgment and sale was insufficient to pay prior mortgage liens.”
This case is directly in point and supporting to the contention of appellants. However, this case loses some of its force when we find that the supporting authority for the 3rd syllabus is the case of Thompson v Denton, supra, which was overruled in 110 Oh St 188.
Another situation to be considered as bearing on the weight of Casey v Gaffney, supra, is the fact that the Court of Appeals of Lawrence County, in the case of Eaton v Robinson, et al., 47 Oh Ap, 436, certified their opinion as being in conflict with the case of Casey v Gaffney, supra, to the Supreme Court under the title of Union Joint Land Rank of Detroit, Michigan v Eaton, et al., 127 Oh St 587, affirmed, Eaton v Robinson, supra, in a memo, opinion and upon the authority of The Forest City investment Company v Haas, 110 Oh St 188.
Counsel for appellants point out that the Supreme Court in affirming the case of Eaton v Robinson (certified as in conflict) make no mention of the ease of Casey v Gaffney. This is not unusual, since the case of Casey v Gaffney was in no sense before the Supreme Court for review.
Counsel for appellants further argue that an examination of these two Court of Appeals cases will disclose that there is in fact no conflict. Evidently the Court of Appeals of Lawrence County, speaking through Mauck, J., felt there was conflict and so determined. It may be that the Lawrence County ease could have been decided and distinguished from the case of Casey v Gaffney, but the fact that the Court of Appeals found conflict argues that it determined the controlling principle' the same.
We are also referred to the case-of St. John v St. John, decided by the Court of Appeals of Hancock County (Third District), and found in Vol. 30 O. L. Abs, page 309. This-was a partition action, in which the trial court allowed attorney fees and divided same equally between attorneys for plaintiff and attorneys for defendant. The attorney for plaintiff in his individual capacity filed an appeal. The court determined that the attorney had no right to file an appeal and hence the court had no jurisdiction to hear the case. As an added reason for their judgment we find the following:
“The order appealed from is only an incidental order in the partition proceeding and is not such a judgment as will support an appeal on questions of law and fact. Eaton v Robinson, et al., 41 Oh Ap 436, affirmed under the name of Union Joint Stock Land Bank of Detroit, Michigan, v Eaton, et al., 127 Oh St 587.”
Another case to which we are referred is that of Johnson v Deaton, 105 Oh St 285. This was a partition case. In the trial court the proceedings had progresséd to the point of appointing commissioners. The commissioners reported that, the premises could not be divided without manifest injury and appraised the respective tracts of land separately. One of the parties objected to the refusal of the commissioners to apart the premises and to the appraisement. The trial court overruled the objections, confirmed the report and ordered the premises sold. From this order the plaintiff in error appealed to the Court of Appeals. The Court of Appeals dismissed the appeal sui sponte, holding, “no appeal lies *247 from the order under consideration.”
The Supreme Court, in a per curiam opinion, reversed and remanded with instructions to entertain the appeal. This decision of the Supreme Court was in direct conflict with the decision in the case of McRoberts v Lockwood, 49 Oh St 374, heretofore referred to. On page 287 of the opinion we find the following:
“Since the adoption of the Constitution of 1912 the case of McRoberts v Lockwood, 49 Oh St 374, no longer controls.”
In this case the Supreme Court makes no reference to the question of ancillary or incidental orders. It is obvious that the Court must have considered that the order under consideration was not ancillary or incidental. This case presents a basis for argument, but the query remains as to whether nr not the allowance of attorney fees in the instant case was an ancillary or incidental order. Counsel for appellants earnestly argue that any order or judgment made in the various steps in a partition ease is a part of the case and therefore appealable on questions of law and fact. Appellants’ brief admits that receiverships, sales under receiverships, affirmance thereof, reports of receivers in partition cases are ancillary, since they are not necessarily any part of the partition proceeding.
We are also referred to the case of Lima Memorial Hospital v Harrod, Vol. 21 OO page 180. This was an opinion by the Court of Appeals of Auglaize County, decision rendered February 27, 1941. The syllabus in this case reads as follows:
“The action of the trial court which fully adjudges the extent of the interests of the parties in the real estate and orders its partition, constitutes a judgment which is appealable on questions of law and fact.”
We do not find anything involved in this case that is particularly helpful. There was nothing involved akin to the question in the instant case.
The last case to which we make reference is that of Colby v Price, decided by'the Court of Appeals of Franklin County, in 1931, and reported in Vol. 39 Oh Ap 198.
The appeal was directed to the ruling of the Common Pleas Court, wherein the application of one Nathan Wasserstrom for an order directing the receiver to allow certain installments due under a land contract was disallowed. The appeal was dismissed. Syllabus 4 reads as follows:
“4. Constitutional provision confining appellate jurisdiction of Court of Appeals to ‘chancery cases’ limits such jurisdiction to appeal of entire case after final disposition thereof by inferior court (Article IV, §6, Constitution).”
After a review and study of the numerous cases, we arrive at the conclusion that the order and judgment in the instant case allowing attorney fees was incidental, and therefore does not permit an appeal on questions of law and fact. It is such a judgment from which error may be prosecuted.
Following our custom, now firmly established as law, we do not dismiss appellants’ appeal, but as heretofore stated, do determine that the same may not be heard as an appeal on questions of law and fact. We hold the case for determination as an appeal on law, *248 and fix the period of thirty days within which appellants may have allowed for filing bill of exceptions. We hold the case for future determination.
GEIGER, PJ., BARNES & HORN-BECK, JJ., concur.