IN RE JOINT COUNTY DITCH: KING ET AL., APPELLANTS, *v.* STRINGFELLOW ET AL., APPELLEES.

(No. 470—Decided September 2, 1944.)

*Mr. A. G. Fuller* and *Mr. E. V. Bope,* for appellants.
*Messrs. Betts & Betts* and *Mr. C. L. Newcomer,* for appellees.

BY THE COURT. The notice of appeal in this cause prescribes an appeal on questions of law and fact. The cause is a ditch proceeding pursuant to provisions of Section 6442 *et seq.,* General Code.

This proceeding was started by a joint county ditch petition filed by the appellants, Edwin King and others, before the joint board of county commissioners of Hancock and Wyandot counties. Remonstrances were filed by the appellees, Don Stringfellow and others. The joint board of county commissioners found in favor of the ditch petitioned for.

Pursuant to provisions of Section 6467 *et seq.,* General Code, Don Stringfellow and others appealed from the order of the commissioners to the Court of Common Pleas of Hancock county. In that court the ditch petition was dismissed at the costs of the petitioners for the ditch.

This appeal is from the judgment of the Common Pleas Court dismissing the petition.

A motion has been filed by the appellees, Don Stringfellow and others, to dismiss the appeal for the reason that the case is not a chancery case within the meaning of Section 6 of Article IV of the Constitution of Ohio and is, therefore, not a cause in which an appeal on questions of law and fact may be had to the Court of Appeals.

It is obvious that this case is a special proceeding, purely statutory in character, not coming within the class of cases over which courts of chancery have heretofore exercised jurisdiction. However, it is contended by the appellants that by reason of the provisions of Section 6472, General Code, in respect to the hearing of the appeal from the joint board of county commissioners by the Common Pleas Court, the proceeding is, by the Legislature, made a chancery case in which an appeal on questions of law and fact may be had to the Court of Appeals pursuant to the constitutional provision mentioned.

Section 6472, General Code, provides as follows:

"The Court of Common Pleas, on appeal, shall hear the matters appealed to, *de novo;* the proceedings shall be had under the rules of law and procedure for civil cases. An appeal shall bring into the Court of Common Pleas all the owners of land who in any way may be interested in or affected by the matter appealed. The court, sitting as a court of equity, shall hear all matters appealed, save and except an appeal from an order allowing or refusing to allow compensation or damages. The court may view the premises the same as views in other civil cases; and shall make such judgment, order, or decree as may be warranted by the evidence. Any party aggrieved by such judgment, order,

or decree, shall have the right to file a bill of exceptions, and to file a petition in error to review said proceedings, the same as in other civil cases. On appeal, the burden of proof shall be on the owner having the affirmative of the proposition, who shall have the opening and closing. The court sitting as a court of equity shall bring the entire proceedings before it in order that the court may determine all the issues raised in the proceedings and enter a final judgment, order or decree for or against the improvement, petitioned for, and for or against the assessments to be levied.''

It will be noted that this section, among other things, provides that the Common Pleas Court, sitting as a court of equity, shall hear all matters appealed save and except an appeal from an order allowing or refusing to allow compensation or damages, and shall make such judgment, order or decree as may be warranted by the evidence; and the court, sitting as a court of equity, shall bring the entire proceedings before it in order that the court may determine all the issues raised in the proceedings and enter a final judgment, order or decree for or against the improvement petitioned for and for or against the assessments to be levied. And it further prescribes that any party aggrieved by such judgment, order or decree shall have the right to file a bill of exceptions and to file a petition in error to review the proceedings the same as in other civil cases.

It is the settled law that appeals to the Court of Appeals on questions of law and fact may be had only in chancery cases, the jurisdiction of the Court of Appeals in respect to appeals being fixed by Section 6 of Article IV of the Constitution of Ohio. It is also settled that the jurisdiction conferred on the Court of Appeals by this section cannot be modified, enlarged

or diminished by the Legislature. *Snyder* v. *Deeds,* 91 Ohio St., 407, 110 N. E., 1068; *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415, 111 N. E., 159; *Wagner* v. *Armstrong,* 93 Ohio St., 443, 113 N. E., 397; *Haas* v. *Mutual Life Ins. Co. of New York,* 95 Ohio St., 137, 115 N. E., 1020; *Marleau* v. *Marleau,* 95 Ohio St., 162, 115 N. E., 1009; *Thompson* v. *Denton,* 95 Ohio St., 333, 116 N. E., 452; *Colby* v. *Price,* 39 Ohio App., 198, 177 N. E., 382.

Since the terms "equity" and "chancery" are synonymous and interchangeable in meaning, appealable cases under Section 6 of Article IV of the Constitution of Ohio, providing that the Court of Appeals shall have "appellate jurisdiction in the trial of chancery cases," are those which are equitable in their nature and recognized as chancery cases prior to the adoption of the Code of Civil Procedure. *Ireland* v. *Chency,* 129 Ohio St., 527, 196 N. E., 267.

If, as contended by the appellants in this case, the Legislature has the right to provide an equitable remedy and make it the basis of appeal as a chancery case, it would follow that it would be in the power of the Legislature to materially change the jurisdiction of the Court of Appeals. *Crowley, Admr.,* v. *Crowley,* 124 Ohio St., 454, 459, 170 N. E., 360.

As hereinbefore stated, the Legislature is without such power and an examination of the provisions of Section 6472, General Code, clearly shows that the Legislature was not attempting to exercise such power, since, by prescribing in such section that "any party aggrieved by such judgment, order, or decree, shall have the right to file a bill of exceptions, and to file a petition in error to review said proceedings, the same as in other civil cases," the Legislature clearly intended that the remedy of an aggrieved party on appeal is limited to an appeal on questions of law.

As this cause is not a chancery cause within the meaning of Section 6 of Article IV of the Constitution of Ohio, as interpreted and construed by the Supreme Court, the motion to dismiss the appeal on questions of law and fact is sustained. It is accordingly determined by the court that the appeal stands as an appeal on questions of law only. Pursuant to the provisions of Section 11564, General Code, the court fixes thirty days from the entry hereof as the time within which a bill of exceptions may be prepared and settled, and fifteen days from the settlement of the bill of exceptions as the time within which the appellants shall file their briefs and assignments of error, and fifteen days from the date of the filing of appellants' brief as the time within which appellees shall file their answer brief, and five days from the time of the filing of appellees' brief as the time within which appellants shall file their reply brief.

*Motion sustained.*

GUERNSEY, P. J., JACKSON and MIDDLETON, JJ., concur.