**FOUREMAN et, Plaintiffs-Appellees, v. FOUREMAN et,
Defendants-Appellants**

Ohio Appeals, Second District, Darke County.

No. 647—Decided May 1, 1946.

T. A. Billingsley, Greenville, Floyd D. Smith, Greenville,
for Plaintiffs-Appellees and for the Motion.

Walter F. Rhynard, Greenville, for Defendants-Appellants
and contra the Motion.

## OPINION

By THE COURT:

Submitted on motion of appellees to dismiss the appeal
for the reason that the notice of appeal recites " 'said appeal
will be on questions of law and fact' when in fact the proceed-
ings here are a statutory proceedings to construe a will, and
as such are not appealable on law and fact."

The cause was tried upon an amended petition filed in
the Common Pleas Court of date July 9, 1945, answer thereto
consisting of eight defenses and a cross-petition setting up
three causes of action.

The first cause of action after averring factual matters
relating to the relationship of the parties and the subject

matter involved and the execution of a deed to what is known as the "Home Farm" from Elizabeth Foureman, widow of Lazarue Foureman avers:

"That controversies have arisen between the children and heirs at law over the interpretation of the various items of the will of the said Lazarus Foureman, and to the application of its terms to the said 'Home Farm'."

Then is set out verbatim the last will and testament. of Lazarus Foureman and seven questions are set forth as having arisen as to the meaning and construction of the will.

The will in Item 2, in part, provides that the said Home Farm "is not to be sold during the lifetime of my said wife and until after her decease." In the second cause of action of the amended petition, after incorporating the pertinent averments of the first cause of action it is said:

"In the event the court should determine that said restriction (in Item 2 of the will) upon the partition is invalid or ineffective, in that. event, the plaintiffs aver that each of them is possessed of an undivided one-third interest in the remainder and that Howard L. Foureman is possessed of an undivided one-third interest in remainder"

of real estate which is described.

The prayer of the petition is for an interpretation and construction of the

"various provisions of the will of Lazarus Foureman, deceased, and in particular so far as said will applies to and affects the land known as the 'Home Farm'; and that if the Court should determine that said restriction upon partition is invalid and ineffective that in that event the plaintiffs be granted a decree of partition; * * *."

The defenses, after a general denial of the allegations in the amended petition not expressly admitted to be true, set forth certain provisions of the will and it is averred that partition may not be had because of the provisions of Item 2, one of which is that the farm is not to be sold during the lifetime of testator's widow. The cross-petition sets out parts of the will by which, in connection with facts pleaded, it is claimed that the plaintiffs have forfeited their rights and interests under the will of Lazarus Foureman and that as a consequence

said interests should be decreed to defendant, Howard L. Foureman. The prayer of the answer and cross-petition in part is:

"that the court construe the will of Lazarus Foureman and that the court determine the interest of the parties thereunder."

The principle controlling determination whether or not a case is at law or in chancery has been restated as late as **Nordin v Coulton, 142 Oh St 277:**

Syl. 1. "The nature of a case is determined from the pleadings and the issues presented."

Syl. 2. "It is equitable if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted; but if the primary or paramount relief sought is legal and the equitable redress merely incidental, it is an action at law."

More specifically it is stated in Hornbeck and Adams Trial and Appellate Practice in Ohio, Section 132, that an action for construction of a will regarding an estate which does not involve a trust has been held not to be a chancery case, citing **Crowley v Crowley, 124 Oh St 454, 179 N. E. 360,** and **Oglesbee v Miller, 125 Oh St 223.**

Upon careful examination of the pleadings in this cause upon which the parties went to trial, it is our conclusion that the principle relief sought by the pleadings and by all the parties as between whom issues are drawn is the construction of the Lazarus Foureman will. The right of partition is clearly ancillary to and grows out of a construction of the will as contended for by the plaintiffs. The rights of defendants likewise are grounded upon the construction of the will as asserted by them.

We find also among the files an application of counsel for appellant for a suspension of Rule VII, and an extender of time within which to file briefs.

As this appeal is noted, Rule VII has no application unless and until it is determined that the appeal is on questions of law. We now determine that the appeal may not be tried on the facts and it will be held as an appeal on questions of law and time given to the parties to file briefs as provided in Rule VII. A bill of exceptions has been prepared, settled, and allowed by the trial judge and filed in the Court of Common

Pleas as of date March 26, 1946. This bill should be refiled upon the return of the papers to the office of the Clerk of Courts and when refiled appellants will be given twenty days thereafter to file brief, appellees fifteen days for answer brief, and appellants five days for reply brief, if desired.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.