**HILLSBORO LIVE STOCK SALES CO., Plaintiff, v. SPRING-FIELD LIVE STOCK SALES CO., Defendant.**

**CORNWELL, et, Appellants, v. MUSKINGUM LIVE STOCK SALES CO., Appellees.**

Ohio Appeals, Second District, Clark County.

No. 461—Decided May 13, 1946.

John C. Durfey, Springfield, Collis Gundy Lane, Columbus, Zinn & Allen, Zanesville, Don Turnbull, Lancaster, George W.

Errata:—The name of George T. Tarbutton, Columbus, Ohio, should appear above as attorney for Defendant-Appellant, C. M. Stevens.

Vorys, Lancaster, and Eugene L. Hensel, Columbus, for Defendants-Appellees and for the motion.

Claypool & Jones, Lemuel B. Weldon, Circleville, Lawrence D. Stanley, Columbus, for Defendants-Appellants and contra the motion.

## OPINION

By THE COURT:

Submitted on motion of appellees, Muskingum Live Stock Sales Co., Fred M. Lewis as Receiver of The Fairfield County Sales Co., John M. Ety as Receiver of The Hocking Valley Live Stock Sales Co., Pickaway Live Stock Cooperative Association, Inc., and George C. Collins, Receiver herein, to dismiss the appeal on questions of law and fact for the following reasons:

1. The order appealed from arises out of an action at law.

2. The order appealed from does not constitute the final order of a chancery case.

3. Other reasons more fully appearing in the memorandum submitted in support hereof.

The reasons that support the motion are fully covered by the first and second grounds thereof. The order and judgment to which the appeal is directed was entered on issue drawn on the intervening petition of the Muskingum Live Stock Sales Co., Lewis as Receiver of The Fairfield County Sales Co. and Ety as Receiver of The Hocking Valley Live Stock Sales Co. against the Chillicothe Clearing Agency, a partnership, and eleven members thereof, also named as defendants. George C. Collins, theretofore named Receiver upon the petition of plaintiff adopted the averments of the intervening petition and joined in its prayer as did Pickaway Live Stock Cooperative Association, Inc.

The answers of the defendants were substantially general denials to which replies were filed. On issue joined the trial judge, jury having been waived, found generally with the intervening petitioners against defendant, Chillicothe Clearing

Agency and seven of its partners and that they were jointly and individually liable for the obligations set out in the respective intervening petitions; "that the seven named defendants as controlling stockholders, directors and officers caused the corporate entities known as the Springfield Live Stock Sales Co., Hocking Valley Live Stock Sales Co. and the Scioto Live Stock Sales Co. to abandon their corporate entities; that said corporations ceased to function as such; and that all the assets, interests and business of each of the corporate entities were taken over and appropriated by the defendants"; that an accounting should be made and reference is made for said accounting and the Receiver have judgment against the seven defendants for the amount found due upon accounting.

The first ground of the motion is that the order appealed from arises out of an action at law. To support this claim is is urged that the ultimate relief sought is a money judgment on behalf of the intervening petitioners; that all other relief is merely ancillary thereto. Several cases are cited in support of the proposition which we will not discuss at length because we believe the first branch of the motion may be determined upon some of the salient averments of the intervening petition of the Muskingum Live Stock Sales Co. and parties associated as plaintiffs which position was adopted by other intervenors.

It is basic that a party having elected to proceed on a certain theory of the law may not, after having received the benefit thereof, abandon that theory. In our judgment, it is manifest that the intervening petitioners here elected to proceed for their relief on the equity side of the court. A few observations from the averments of the petition are sufficient, in our judgment, to establish this conclusion.

The eleventh paragraph of the amended petition of the Muskingum Live Stock Sales Co., et al., to the effect that the defendants, Chillicothe Clearing Agency and the partners thereof, have withdrawn assets from the Springfield Live Stock Sales Co. and others of the sales companies incorporated by the defendants and have intermingled the funds and assets of said corporations, applying the funds of one to the uses of the other indiscriminately and have thereafter sought to have appointed for each of said corporations, receivers to take charge of and administer the assets of said corporations, all as a part of a design, conspiracy or plan to shield Chillicothe Clearing Agency

and the individual partners thereof from the claims of the creditors of the said corporations, and thereby perpetrated a fraud upon the creditors of the Springfield Live Stock Sales Co., upon the intervening petitioners and upon the Court.

Twelfth Paragraph—that the intervening petitioners are entitled to an accounting from the clearing agency and the partners thereof with respect to the business of said partnership and the dealings or joint ventures of any groups of said partners connected with the business of said partnership.

Thirteenth Paragraph—that the clearing agency has no assets or property upon which levy of execution can be made for the satisfaction of intervenors' claims; that said defendant has transferred, assigned, dissipated or otherwise disposed of a large part of its property and assets and thus said intervening petitioners are unable to have their claims satisfied; that any attempt of any one of the intervening petitioners to enforce its claim as a creditor of such defendant **"would precipitate similar action on the part of all other creditors and thus result in a multiplicity of suits and wasteful strife and controversy"**; that the defendant is insolvent; **"that the intervening petitioners have no adequate remedy at law"** (Emphasis ours); and that the property and assets of the defendant can only be made available for the payment of obligations of the defendant and the equal distribution of the proceeds thereof in payment of said obligations by the appointment of a receiver.

The prayer of the petition is for an accounting from the clearing agency and the named defendants; that a receiver be appointed or the existing receivership of the Springfield Live Stock Sales Co. be extended to take charge of the defendant, Chillicothe Clearing Agency; and that the individual partners, defendants herein, of said Chillicothe Clearing Agency, and each of them, be restrained as hereinabove requested and for such other and further relief in the premises as is just, equitable or proper.

The relief granted responded in all material particulars to the prayer of the petition and the theory thereof.

It is stated in two of the briefs that there was a stipulation in the Common Pleas Court but it is not found among the files and we do not know the exact language thereof. We assume, however, that the briefs correctly state the subject mat-

ter of the stipulation and that it was agreed that the court should determine whether the named defendants constituted a partnership and whether the named defendants became liable by their acts and conduct to certain creditors, including the intervening petitioners, and that the matter of accounting and other relief be postponed pending the determination of these questions. However, limited the factual matters for consideration, they were determined and applied in their relation to the relief sought. A suit for specific performance and an action for breach of contract may up to a certain point develop the same facts but in the former they are given application to a remedy which is clearly equitable in character and in the latter to an action at law. The stipulation, in view of the pleadings and the judgment entered, is not controlling of the question presented.

The partnership aspect of this case also lends much support to the claim that the relief sought is essentially equitable. It is true that this is not a suit between partners to wind up the partnership but the status of the defendants has by the judgment been defined as a partnership with the respective obligations of the partners fixed and some have been held to liability and others relieved therefrom. The central purpose of the intervening petition and the effect of the judgment responsive thereto, is to invoke and apply that cardinal principle that equity will look through the form to the substance of a transaction and will not permit the rights of the parties to be sacrificed to the mere letter of the transaction.

Without attempting further to elucidate the equitable principles invoked upon the facts pleaded in the intervening petitions, we deem it sufficient to say that the petitioners employed all of the phraesology incident to the proper statement of an equitable suit and set forth subject matter which made it manifest that they did not have an adequate remedy at law, as stated, and were calling upon the Court of Chancery for the relief sought.

The Supreme Court cases upon which counsel rely, namely, **The Forest City Investment Co. v Haas, 110 Oh St 188, Wall v Dayton Federation Co., et al., 121 Oh St 334,** and **Borton v Earhart, et al., 144 Oh St 334,** have many distinguishing features from the instant suit but the decisive difference is that in all of them, as expressly emphasized by the writers of the opinions, the petitioners sought and prayed for money judgments which the court held in all instances to be the paramount relief sought. In this case there is no express prayer in

any of the petitions for a money judgment at law.

It is claimed in support of the second ground of the motion that there is no final judgment in a chancery case. It may be said of the final entry here as was said by the court of the entry in **State ex rel. v Meals, 93 Oh St 391,**

"that the allegations of the petition are found to be true and that the plaintiff is entitled to the relief prayed for; an injunction is granted, an accounting is ordered and a referee appointed to determine the amount due. The general equities of the case were found in favor of the plaintiff, and while the further order of the court was necessary to carry into effect the right settled by the order, it was merely auxiliary to or in execution of the order of the court made on the merits of the case, * * *."

In the cases cited from this court, namely, **Colby v Price, 39 Oh Ap 198, Springfield Purity Dairy Co. v Crabill, 18 Abs 226,** and **Hudson v Hoster, 37 Abs 240,** it clearly appeared that the orders appealed from would not completely determine the material issues joined between the parties and therefore were not determinations of the whole case.

The motion to dismiss the appeal on questions of law and facts will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.