LUNSFORD, APPELLANT, *v.* STEWART, APPELLEES.

(No. 4864—Decided September 25, 1953.)

*Messrs. Landis & Runyan,* for appellant.
*Messrs. McFadyen & Swisher,* for appellees.

WISEMAN, P. J. This is an appeal on questions of law and fact from the Common Pleas Court of Franklin County. That court rendered judgment in favor of the defendants in an action in which plaintiff sought an injunction and damages because of the defendants having filled their lot with dirt up to grade and thus having prevented the surface water draining off plaintiff's adjoining lot. Both of such lots are located in the city of Columbus. The record taken below is presented to this court by stipulation.

With respect to rural areas, Ohio has adopted the civil-law rule, *i. e.,* that the dominant estate has a natural easement or servitude in the lower or subservient estate for drainage of water flowing in its natural course. *Butler* v. *Peck,* 16 Ohio St., 334, 343, 88 Am. Dec., 452; *Tootle* v. *Clifton,* 22 Ohio St., 247, 10 Am. Rep., 732; *Blue* v. *Wentz,* 54 Ohio St., 247, 43 N. E., 493; *Mason* v. *Commrs. of Fulton Co.,* 80 Ohio St., 151, 88 N. E., 401, 131 Am. St. Rep., 689, 24 L. R. A. (N. S.), 903.

Plaintiff contends that the above rule has application to the factual situation developed in this case, whereas defendant contends that this rule has no application to urban areas and that in urban areas the common-law rule, sometimes designated the "common-enemy" doctrine, prevails. It must be observed that we are not dealing here with a natural watercourse, but with surface water.

In *Springfield* v. *Spence,* 39 Ohio St., 665, the court, on page 671, said:

"* * * Surface water is a common enemy in a city.

"The owner of private lots can raise the same to grade if he so desires, and can thus keep out all surface water * * *."

See, also, *Brown* v. *Krody,* 19 Ohio Law Reporter, 506.

In *Strohm* v. *Molter,* 30 Ohio Law Abs., 330, the court refused to apply the civil-law rule to urban lots, and applied the doctrine of "reasonable use." See, also, a dictum in *Mason* v. *Commissioners, supra,* at page 180.

It cannot be claimed that defendant violated the "reasonable-use" rule.

We hold that the owner of a city lot which receives the natural flow of surface water from an adjoining lot, may fill said lot and erect structures thereon, diverting the natural flow of the surface water, and, if done in a reasonable manner, no liability arises in favor of the adjoining lot owner.

*Judgment for defendant.*

MILLER and HORNBECK, JJ., concur.